LOCAL NO. 2134, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, ET AL., APPELLANTS, *v.* BOARD OF MARION TOWNSHIP TRUSTEES, APPELLEE.

(No. 9-85-40 — Decided June 11, 1986.)

*Firstenberger & Mathews, John P. Firstenberger* and *Thomas A. Mathews,* for appellants.

*F. Riley Hall,* for appellee.

GUERNSEY, P.J. This is an appeal by Local No. 2134, International Association of Firefighters, plaintiff union, the bargaining agent for firefighters employed by the defendant Board of Marion Township Trustees, Marion County, Ohio, and by six individual plaintiffs, being firefighters employed by the board of township trustees, from a judgment of the Court of Common Pleas of Marion County in an action brought therein by the plaintiffs seeking a declaratory judgment as to the rights under their employment contract of union members employed by the board for compensation for excess unused sick leave, and seeking money judgments for the individual plaintiffs for compensation to which they claim to be entitled for conversion of their excess unused sick leave.

The common pleas court dismissed the action finding that under the grievance provisions of the employment agreement the plaintiffs had an adequate remedy by way of appeal under R.C. Chapter 2506, that they failed to take the appeal so provided and, having failed to timely take that appeal, they may not, instead, pros-

ecute the action for declaratory judgment. Plaintiffs assert as their single assignment of error:

"The trial court erred with its finding that plaintiffs' complaint for declaratory judgment was not proper since plaintiffs had an adequate remedy to appeal under R.C. [Chapter] 2506 and thereafter granting defendant's motion for summary judgment and dismissing plaintiffs' complaint."

In this appeal we are not concerned with any ultimate issue as to the right of the members of the plaintiff union, or of the individual firefighter plaintiffs, to recover compensation for excess unused sick leave, but are merely concerned with the procedural issue of whether a failure to follow the grievance procedure set forth in the employment agreement would exclude relief by way of declaratory judgment and/or money judgment.

The answer filed by the defendant to plaintiffs' complaint admits that on September 1, 1984, the union entered into the written agreement. There are no arbitration provisions in this agreement, mandatory or otherwise, and the agreement contains the following pertinent grievance provisions:

"1. *Purpose*

"A. The purpose of the grievance procedure is to establish a line of communication at the lowest possible level in order to resolve any difference of opinion in the interpretation of this Agreement.

"2. *Lines of Communication*

"A. If an employee feels that he/she has been unjustly treated or deprived of rights granted in this Agreement, he/she shall within 24 hours of said occurrence place in writing specifically his/her complaint and deliver it to his immediate supervisor. The immediate supervisor shall have five (5) days to make such adjustments and [sic] he/she determines proper and appropriate within the scope of department Rules and Regulations. If the immediate supervisor takes no action within five (5) working days the aggrieved party shall consider his/her complaint to be rejected.

"B. If the grievant employee is dissatisfied with the outcome defined in Paragraph A above the aggrieved employee may present his complaint to the Chief of the Department within three (3) working days following the action of the immediate supervisor, or the expiration of the five (5) days period, whichever is sooner.

"The Chief of the Department shall have ten (10) working days in which to summon all parties to the grievance, hear evidence giving notice to all parties forty-eight (48) hours prior to said hearing. Within five (5) working days after hearing the particulars the Chief of Department shall inform the grievant of his decision.

"C. If the grievant feels that the complaint was not resolved or the time limits set forth in Paragraph B expired, the grievant may, within five (5) working days submit the grievance to the Board of Township Trustees who shall within ten (10) working days hold a hearing on the matter. After hearing all pertinent matters concerning the grievance the Board of Township Trustees shall, within five (5) working days issued [sic] their decision, in writing, *which shall be final upon delivery to the grievant for purposes of establishing time for any appeal to the Court.*" (Emphasis added.)

By affidavit of the president of plaintiff union, it appears undisputed that on or about March 3, 1985, he submitted to the chief of the fire department a grievance involving the issues sought now to be resolved by declaratory judgment; that on or about March 4, 1985, the chief replied to same; that at no time did he summon all of the parties to hear evidence concerning the grievance; and that although the board of township trustees

206

presented its March 14, 1985 response to plaintiffs' counsel on April 1, 1985, at no time did it hold a hearing with notice given to plaintiffs concerning the grievance.

Could the plaintiffs have appealed from a "decision" of the board of township trustees denying them reimbursement for excessive unused sick leave? In our opinion there is no provision for such an appeal.

It has long been the law of Ohio that the review of proceedings of administrative officers and agencies authorized by Section 4(B), Article IV of the Ohio Constitution contemplates quasi-judicial proceedings only. *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, 51 O.O. 2d 35, 257 N.E. 2d 371, specifically applicable to R.C. 119.12 appeals. In *M.J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, 61 O.O. 2d 394, 290 N.E. 2d 562, paragraph one of the syllabus, the Supreme Court held:

"1. The review of proceedings of administrative officers and agencies, authorized by Section 4(B), Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only, and administrative actions of administrative officers and agencies not resulting from quasi-judicial proceedings are not appealable to the Court of Common Pleas under the provisions of R.C. 2506.01. (*Fortner* v. *Thomas*, 22 Ohio St. 2d 13, approved and followed.)"

See, also, *Delong* v. *Board of Edn.* (1973), 36 Ohio St. 2d 62, 65 O.O. 2d 213, 303 N.E. 2d 890.

Was the proceeding before the board of township trustees contemplated by the grievance provisions of the employment contract existing between plaintiffs and the board quasi-judicial in nature? It is readily discernible from a reading of these quoted grievance provisions that they do not constitute arbitration provisions, either mandatory or permissive, nor do they constitute provisions for the settlement of disputes between adversaries by a non-partisan tribunal. At best, they merely provide a means for the firefighter employees to bring their grievances to the attention of their employer, the board of township trustees, or to their employer's agent, the chief of the department, for hearing, consideration and disposition. In respect to such grievances, the firefighter employees and their union representatives are adversaries to the board of township trustees and to the representative of the board, and each side espouses its own position with respect to the grievance. The board of township trustess does not, therefore, sit in judgment as to a dispute between adversaries, but is itself an adversary in the matter to those who have brought the grievance to it and who appear before it. In no sense of the words does the grievance proceeding constitute a "quasi-judicial proceeding," nor is the board's "decision" reviewable under the provisions of R.C. Chapter 2506 or Section 4(B), Article IV of the Ohio Constitution.

We conclude that, notwithstanding that the employment agreement alludes to an appeal of the board's decision, on the facts and circumstances here there is no appeal provided for by law, and thus none which constitutes a bar to the declaratory judgment and money judgment action brought by the plaintiffs. Accordingly, we find that the trial court committed error prejudicial to the plaintiffs in the manner assigned, and the summary judgment dismissing their action must be reversed.

*Judgment reversed and cause remanded.*

COLE and MILLER, JJ., concur.