THE STATE, EX REL. MILEFF, APPELLEE, *v.*
MIFFLIN TOWNSHIP ET AL., APPELLANTS.

[Cite as State, ex rel. Mileff, *v.* Mifflin Twp. (1990),
49 Ohio St. 3d 269.]

(No. 88-1902—Submitted October 24, 1989—Decided March 14, 1990.)

*Richard Waller,* for appellee.
*Michael Miller,* prosecuting attorney, and *William J. Owen,* for appellants.

*Per Curiam.* The decision of the court of appeals is reversed on the authority of *State, ex rel. Temke,* v. *Outcalt* (1977), 49 Ohio St. 2d 189, 3 O.O. 3d 248, 360 N.E. 2d 701. The matter is remanded to the court of appeals with instructions to allow appellants to file an answer per Civ. R. 12(A)(2)(a) and to conduct further proceedings consistent therewith.

*Judgment reversed
and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. I respectfully dissent. I do so because it is difficult for me to understand what the majority seeks to accomplish by reversing the judgment of the court of appeals.

Apparently the majority reverses to permit appellants to file an answer. The court of appeals, in this case, is the court of original jurisdiction. That court has already determined there can be no further proceedings until appellants-respondents "* * * provide relator with a hearing concerning his termination in accordance with R.C. 505.38." To accomplish this the court of appeals merely issued a "limited writ" ordering appellant-respondent board of trustees to conduct such a hearing. It should be obvious that if appellants file an answer, they will assert that relator-appellee is not entitled to an R.C. 505.38 hearing. Appellants have already raised this issue to the court in their motion to dismiss. The court of appeals rejected the referee's report and the contentions of appellants-respondents and granted the limited writ ordering a hearing.

I suppose the majority decision causes no real harm except, of course, a waste of valuable judicial resources. The court of appeals will follow our instructions, allow appellants to file an answer — and then order, once again, that a limited writ issue to hold an R.C. 505.38 hearing. Then appellants-respondents will probably again appeal to us (on the same issues now before us) and if we then decide that the court of appeals was correct in its judgment, then the entire procedure can begin anew.

This exercise in futility causes very little problem for the judges (including us), court referees and court commissioners. The only problem facing this court, the court of appeals and each of our respective personnel will be another load of paperwork. But the situation is not the same for the relator-appellee firefighter. He has been without his job since August 7, *1986* — the date he desired to *return* to work as a firefighter after having

served his country in the United States Air Force for a four-year period, having been properly granted a leave of absence from his permanent, full-time firefighter position.

Which side is right in this dispute has yet to be determined. Maybe respondents-appellants are correct in their assertions — but it is also possible that they are in error. That is what the court of appeals is trying to find out, among other things, by ordering a hearing. Since the majority engages in frustrating this procedure, even after the case has been pending in this court for over a year, I respectfully dissent. I would affirm the judgment of the court of appeals.