THE STATE EX REL. MILEFF, APPELLEE, *v.* MIFFLIN
TOWNSHIP ET AL., APPELLANTS.

[Cite as *State ex rel. Mileff v. Mifflin
Twp.* (1992), 65 Ohio St.3d 400.]

(No. 91–1465—Submitted November 10, 1992—Decided December 11, 1992.)

*Richard M. Wallar,* for appellee.

*Michael Miller,* Prosecuting Attorney, *William J. Owen* and *Donald M. Collins,* Assistant Prosecuting Attorneys, for appellants.

*Per Curiam.* Appellants argue that Mileff failed to apply for reemployment within ninety days of his discharge from active duty and, consequently, was not entitled to reemployment. As to the limited writ requiring appellants to hold a hearing, appellants maintain that, having failed to apply timely for reemployment, Mileff no longer was a permanent employee entitled to a hearing.

R.C. 5903.02 requires a public employer to grant a leave of absence to a public employee who is inducted or otherwise enters military duty. R.C. 5903.03 states:

"A public employee who leaves a position, * * * whether voluntarily or involuntarily, to perform military duty * * * is separated or discharged under honorable conditions, makes application for re-employment within ninety days after he is relieved from *military duty* * * *, and is still physically qualified to perform the duties of such position, shall be restored to such position if it exists and is not held by a person with greater seniority, or to a position of like seniority, status, and pay. * * * " (Emphasis added.)

R.C. 5903.01(F) defines "military duty" as:

" * * * [T]raining and service performed by a member of the Ohio national guard or Ohio naval militia, or by an inductee, enlistee, *reservist*, or any entrant into a temporary reserve component of the armed forces of the United States, and time spent in reporting for and returning from such service and training, or if a rejection occurs, from the place of reporting therefor." (Emphasis added.)

Thus, under R.C. 5903.01 and 5903.03, a public employee has ninety days from being relieved from military duty, including duty as a reservist, to apply for reemployment with his public employer. This contrasts with appellants' position that the time to apply for reemployment runs from the employee's discharge from active duty.

Appellants, in arguing their position, ignore the definition of "military duty" contained in R.C. 5903.01 and, instead, rely on the federal statutes controlling the reemployment of veterans. Under Section 2021(a), Title 38, U.S. Code, a veteran must make application for reemployment within ninety days after he is relieved from active training and service. However, Section 2021(c), Title 38, U.S.Code states:

"The rights granted by subsections (a) and (b) of this section to persons who left the employ of a State or political subdivision thereof and were inducted into the Armed Forces shall not diminish any rights such persons may have pursuant to any statute or ordinance of such State or political subdivision establishing greater or additional rights or protections."

Thus, Ohio may, as it has in this case, grant public employees the greater right of applying for reemployment within ninety days after being released from reserve duty, not just release from active duty. See 1986 Ohio Atty. Gen. Ops. No. 86–050, at 2–270. Moreover, veterans' rights statutes are " * * * to be liberally construed for the benefit of those who * * * serve their country." *Fishgold v. Sullivan Dry Dock & Repair Corp.* (1946), 328 U.S. 275, 285, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230, 1240; accord *Coffy v. Republic Steel Corp.* (1980), 447 U.S. 191, 196, 100 S.Ct. 2100, 2104, 65 L.Ed.2d 53, 59.

Mileff applied for reemployment on August 7, 1986, which was before he was relieved from duty as a reservist in February 1987. This application was timely. Mileff, consequently, had a clear legal right to reemployment, appellants had a clear legal duty to reemploy him, and Mileff, having no adequate remedy at law, is entitled to a writ in mandamus.

Accordingly, we modify the court of appeals' judgment and grant a writ ordering appellants to reemploy Mileff with seniority dating from July 30,

1981, R.C. 5903.02, and to award him appropriate back pay from August 7, 1986, until the date of his reinstatement.

*Judgment modified*
*and writ granted.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.