PASQUINE, Appellant,

v.

**LIBERTY TOWNSHIP BOARD OF TRUSTEES, Appellee.**

[Cite as *Pasquine v. Liberty Twp. Bd. of Trustees* (1993), 88 Ohio App.3d 481.]

Court of Appeals of Ohio,
Trumbull County.

No. 92–T–4724.

Decided July 1, 1993.

*J. Terrence Dull,* for appellant.

*Charles E. Dunlap,* for appellee.

JOSEPH E. MAHONEY, Judge.

This is an accelerated calendar case.

Appellant, Anthony Pasquine, appeals the trial court's dismissal of his administrative appeal and the dismissal of his complaint for declaratory judgment.

Appellant was suspended for a month from his position as Zoning Inspector for Liberty Township by appellee, Board of Trustees of Liberty Township ("board"). On April 2, 1992, pursuant to R.C. Chapter 2506, appellant filed an administrative appeal, seeking a review of the board's decision. In addition, appellant sought declaratory judgment, requesting the court to declare that the decision of the board was made in violation of the Ohio Open Meetings Act, R.C. 121.22, and that appellant would be entitled to reimbursement for compensation lost during the period of suspension, as well as other appropriate relief.

On April 22, 1992, the board filed an answer, a motion to quash a precipe for transcript, and a motion to dismiss the administrative appeal. On May 20, 1992, appellant filed a memorandum in opposition to these motions. On May 21, 1992, the trial court allegedly conducted an informal hearing in chambers on these motions. On May 26, 1992, the court found that appellant's employment was at will and, therefore, the board could have terminated his employment for the reason that there is no guaranteed entitlement to continued employment. Thus, the trial court quashed the praecipe for a transcript and dismissed the appeal as well as the declaratory judgment action, even though appellee did not request a dismissal of the declaratory judgment action.

Appellant has filed a timely appeal and now presents two assignments of error.

■ Appellee does not dispute appellant's second assignment of error. A review of the case law supports appellant's argument that the trial court erred in dismissing his declaratory judgment action without first giving appellant notice of its intention to do so as required under due process. *Mayrides v. Franklin Cty. Prosecutor's Office* (1991), 71 Ohio App.3d 381, 594 N.E.2d 48. See *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 22 OBR 133, 488 N.E.2d 881.

The second assignment of error is with merit.

■ The issue raised by appellant's first assignment of error is whether a township zoning inspector who is an "at-will" employee is entitled to a review of his suspension in an administrative appeal pursuant to R.C. Chapter 2506.

Appellant admits he is an employee at will and argues that he is entitled to an administrative appeal under *Buchanan v. Dayton Metro. Hous. Auth.* (Aug. 12, 1991), Montgomery App. No. 12263, unreported, 1991 WL 355156. In *Buchanan*, an assistant manager, Buchanan, who was an at-will employee of the Dayton

Metropolitan Housing Authority, was suspended as a result of a disciplinary action. Buchanan filed an administrative appeal pursuant to R.C. Chapter 2506, seeking review of the disciplinary action. The trial court refused to allow the action to proceed as an appeal, finding that Buchanan was an employee at will and did not have a protectable property interest in his employment and, therefore, the court need not address the issue of whether his rights were violated.

The trial court's decision was reversed on appeal. The appellate court stated that Buchanan's at-will status would only dispose of any *contractual* claims that he might assert. The court found that Buchanan was not asserting any contractual claims but was exclusively seeking an administrative appeal and held that Buchanan had a right to have the merits of the administrative decision reviewed pursuant to R.C. 2506.01 to see whether the decision satisfies the test for affirmance set forth in R.C. 2506.04, to wit, whether the administrative decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record." *Buchanan* at 3–4.

Citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113, the court rejected the argument that Buchanan's at-will status made any disciplinary action immune from reversal pursuant to R.C. Chapter 2506, stating that a similar argument was unsuccessfully argued in the dissenting opinion in *Dudukovich*. *Buchanan* at 4.

Accordingly, the court in *Buchanan* reversed the trial court's decision and on remand ordered the trial court to find "whether the administrative decision to discipline Buchanan is 'unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record,' in accordance with R.C. 2506.04."

In a concurring opinion, Judge Grady called for a Supreme Court reexamination of the right of review of employment decisions created by *Dudukovich*. Judge Grady stated:

"We have found that appellant's status as an 'at will' employee provides him no rights the deprivation of which is reviewable by the court of common pleas. That result could not be reached if the Dayton Metropolitan Housing Authority was truly a political subdivision with employees who enjoy benefits of the state's civil service laws and regulations. Decisions concerning the rights to those benefits are reviewable, and no employee enjoying those benefits is 'at will.'

"The right of review of employment decisions created in *Dudukovich* has no meaning because the matters concerned are not reviewable. The inherent

contradiction of the rule is manifest. The matter merits review by the Supreme Court." *Buchanan* at 10–11.

In *Alberini v. Warren Twp. Bd. of Trustees* (Nov. 17, 1989), Trumbull App. No. 4083, unreported, 1989 WL 140177, this appellate court affirmed the lower court's finding that appellant, who was appealing his dismissal as the Warren Township Zoning Inspector under R.C. Chapter 2506, was an employee at will and could be dismissed without any explanation or "due process" hearing. In *Alberini*, the common pleas court entertained the R.C. Chapter 2506 appeal and determined the case on its merits. On appeal to this court, we also entertained the appeal on its merits and, although we found that appellant was not entitled to a full hearing before being dismissed from employment, our opinion did not state that appellant was not entitled to an R.C. Chapter 2506 administrative appeal.

Based on the *Buchanan* decision and this appellate court's opinion in *Alberini* in which an R.C. Chapter 2506 administrative appeal was allowed, we sustain appellant's first assignment of error.

Accordingly, the trial court's decision is reversed on the basis of both assignments of error and the cause is remanded for further review under R.C. 2506.04 to determine whether the board's decision to suspend appellant is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."

*Judgment reversed*
*and cause remanded.*

NADER, J., concurs.

CHRISTLEY, P.J., dissents.

CHRISTLEY, Presiding Judge, dissenting.

Although I agree with the majority that the declaratory judgment complaint should not have been dismissed, I cannot concur in its analysis of appellant's appeal under R.C. Chapter 2506. In my opinion, the common pleas court did not err in dismissing the appeal because the actions of the board do not constitute the type of "decision" which can be appealed under the statute. Accordingly, I respectfully dissent in part.

In interpreting R.C. 2506.01, the Ohio Supreme Court has held that the decisions of administrative officers and agencies are appealable only to the common pleas court when they emanate from quasi-judicial proceedings. *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150, 61 O.O.2d 394, 290 N.E.2d 562. In *Kelley*, the court further held that a proceeding is not quasi-judicial when

"there is no requirement for notice, hearing, and the opportunity for introduction of evidence." *Id.* at paragraph two of the syllabus.

The *Kelley* holding has also been applied to decisions of township boards of trustees. For example, in *State ex rel. Mileff v. Mifflin Twp.* (Aug. 30, 1988), Franklin App. No. 88AP–108, unreported, 1988 WL 92419, reversed on other grounds in (1990), 49 Ohio St.3d 269, 551 N.E.2d 978, the relator, a township fire fighter, brought an action in mandamus, requesting that he be reinstated as a township employee. In deciding whether the writ would lie, the Tenth Appellate District held that the relator could not have appealed his dismissal under R.C. 2506.01 because the board's decision had not emanated from a quasi-judicial proceeding. In reaching this conclusion, the court noted that the relator had not been afforded a hearing on the matter and had not been given notice of the charges. See, also, *Local No. 2134, Internatl. Assn. of Firefighters v. Bd. of Marion Twp. Trustees* (1986), 33 Ohio App.3d 204, 514 N.E.2d 1386.

In addition to the decisions of township trustees, it has also been held that the *Kelley* holding is applicable to decisions involving unclassified employees who are employed by political subdivisions which have a civil service system. In *Schack v. Geneva Civ. Serv. Comm.* (1993), 86 Ohio App.3d 689, 621 N.E.2d 788, this court first noted that as an unclassified employee, Schack held his job at the pleasure of the appointing power. We then held that since he was not entitled to notice or a hearing before being placed on probation, Schack could not maintain an appeal under R.C. 2506.01.

Although he worked in a township which did not have a civil service system, appellant's position with the township was similar to that of an unclassified employee. As the majority notes, appellant admitted that he was an employee at will. As a result, appellant could be suspended without the benefit of notice, a hearing, or the opportunity to present evidence. Under these circumstances, he was not entitled to bring an appeal from the board's decision under R.C. 2506.01.

As part of its analysis, the majority emphasizes that in *Alberini v. Warren Twp. Bd. of Trustees* (Nov. 17, 1989), Trumbull App. No. 4083, unreported, 1989 WL 140177, we did not state that an appeal under R.C. Chapter 2506 could not be brought by an employee at will who had been dismissed. However, that specific point was not before us in that case. The Warren Township Board of Trustees in *Alberini* simply never moved the common pleas court to dismiss for lack of jurisdiction, and the court accordingly decided the case on the merits. On appeal, this court was limited to the specific issue decided by the common pleas court.

Although the dismissal of appellant's appeal may appear to be a harsh result, it follows from the nature of his employment with the township. Moreover, this result does not leave appellant without a remedy. See *State ex rel. Mileff v. Mifflin Twp.* (1992), 65 Ohio St.3d 400, 604 N.E.2d 740. However, since the

township was not required to follow the basic requirements of due process prior to suspending him, an appeal under R.C. 2506.01 could not be maintained. Thus, unlike the majority, I would affirm the dismissal of his appeal. However, as to the declaratory judgment action, I agree with the majority's reversal.