DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, James E. Brown, appeals from two separate decisions of the Summit County Court of Common Pleas: (1) dismissal of his administrative appeal against Appellee, Akron Metropolitan Housing Authority, and (2) denial of his motion to vacate that dismissal. We affirm.
 I. {¶ 2} Appellant worked as a staff attorney for Appellee until Appellee terminated his employment on March 6, 2001. Appellant appealed the termination decision to Appellee's Executive Director, who denied the appeal. Then, in April 2001, Appellant filed an administrative appeal pursuant to R.C. 2506.01 in the Summit County Court of Common Pleas challenging his termination.
 {¶ 3} Appellant filed a motion to conduct an evidentiary hearing under R.C. 2506.03(B) because he felt the record clearly illustrated that several of the exceptions under that statute applied. Before the court ruled on Appellant's motion, Appellee filed a motion to dismiss the appeal, claiming that the rules of professional conduct prevented Appellant, as an attorney, from challenging an unjust discharge. In its motion, Appellee first noted that an attorney who failed to withdraw from representation of a client after that client discharged the attorney was guilty of violating the Ohio ethics rules. Therefore, Appellee opined that the fact that it, the "client," discharged Appellant removed any ability of Appellant to ethically appeal the termination of his employment.[1]
 {¶ 4} Appellant moved to strike the motion to dismiss because it was based only on the limited documentary material already before the court, and the court had not yet ruled on his motion for an evidentiary hearing. While the motions were pending, the presiding trial court judge resigned to sit on the federal bench, and the Ohio Supreme Court assigned a new judge by certificate of assignment to sit temporarily on the case. The assignment was never filed specifically in this case or marked on the docket. Following the assignment, the new judge granted Appellee's motion to dismiss and denied Appellee's motion for an evidentiary hearing.
 {¶ 5} Appellant filed a motion to vacate the order because the new judge signed the decision without being formally assigned on the actual case docket to sit on the bench. At the same time, Appellant also appealed the dismissal to this court. We granted a stay in this court for the trial court to rule on Appellant's motion to vacate. After the trial court denied the motion to vacate, Appellant also appealed that decision to this court.
 II. First Assignment of Error "It was error to deny the motion to vacate judgment, as ajudment is void or voidable if filed by a judge who was no longeron the court, or by a judge not formally assigned to the case."
 Second Assignment of Error "It was error to dismiss this administrative appeal, because apublic employee is not divested of his statutory right to appealan administrative decision by the fact that he was employed as astaff attorney."
 Third Assignment of Error "The court erred in ruling that appellant had no right tosubmit additional evidence in support of his administrativeappeal, where the record shows that exceptions listed in R.C. §2506.03(A)(1)-(5) are present."
 {¶ 6} Before we even consider the merits of any of the above assignments of error, we must discuss Appellee's argument that the trial court lacked subject matter jurisdiction over this administrative appeal. Subject matter jurisdiction is one requirement necessary to permit a court to hear and decide a case upon the merits. Morrison v. Steiner (1972), 32 Ohio St.2d 86, paragraph one of the syllabus. While Appellee failed to raise this issue below, a party may raise the issue of whether a court has subject matter jurisdiction at any point in the proceedings. Civ.R. 12(H)(3); Fox v. Eaton Corp. (1976), 48 Ohio St.2d 236,238, overruled on other ground, Manning v. Ohio State LibraryBd. (1991), 62 Ohio St.3d 24, paragraph one of the syllabus. Even if Appellee had not argued the lack of subject matter jurisdiction in any proceeding before any court, we would still affirm the trial court's dismissal of this case sua sponte if the court lacked subject matter jurisdiction below. See First Meritv. Beers, 9th Dist. No. 21010, 2002-Ohio-4247, at ¶ 5, citing Inre Graham, 147 Ohio App.3d 452, 2002-Ohio-2407, at ¶ 29; Civ.R. 12(H)(3).
 {¶ 7} "[A]dministrative actions of administrative officers and agencies not resulting from quasi-judicial proceedings are not appealable to the Court of Common Pleas under the provisions of R.C. 2506.01." M.J. Kelley Co. v. Cleveland (1972),32 Ohio St.2d 150, paragraph one of the syllabus. To qualify as quasi-judicial, a proceeding before an administrative agency or officer must require certain procedural safeguards such as notice, hearing, or the opportunity to present evidence. See id., at paragraph two of the syllabus. Simply stated, the law does not require that these procedural safeguards be afforded to unclassified employees in the civil service. See Brankatelli v.Summit Cty. Human Res. Comm'n, 146 Ohio App.3d 713,2001-Ohio-7012, at ¶ 19; Prosen v. Dimora (1992),79 Ohio App.3d 120, 125, citing State ex rel. Canfield v. Frost (1990),53 Ohio St.3d 13. Therefore, if Appellant was an unclassified employee, thus not required to be given the right to notice, a hearing, or the opportunity to present evidence, then any agency proceeding terminating his employment was not quasi-judicial, and not appealable under R.C. 2506.01.
 {¶ 8} While we do not find extensive evidence on the record of whether Appellant was a classified or unclassified civil servant, the trial court, in its order, stated:
"The Appellant [has] served as a staff attorney and in-house counsel representing the Appellee in various legal matters since August 1992.
"While such position is enjoyed by the Appellant in this matter, it is considered as non-classified civil service[.]"
 {¶ 9} The trial court found that Appellant was an unclassified employee. As such, the trial court lacked subject matter jurisdiction to hear Appellant's administrative appeal. We, therefore, overrule Appellant's assignments of error.
 III. {¶ 10} We overrule Appellant's three assignments of error and affirm, for different reasons, the decision of the trial court dismissing the case below.
Judgment affirmed.
SLABY, P.J. and WHITMORE, J. CONCUR.
[1] Appellee argued this regardless of multiple Ohio cases indicating that the Ohio Supreme Court alone has exclusive jurisdiction over the discipline of attorneys, and, therefore, any Code violation apart from a separate cause of action must be reviewed according to R. V of the Supreme Court Rules for Government of the Bar of Ohio — not through a lawsuit. See Smithv. Kates (1976), 46 Ohio St.2d 263, 265-66; Mentor Lagoons,Inc. v. Rubin (1987), 31 Ohio St.3d 256, 259-60; Euclid Med.Sys., Inc. v. Johnston (Nov. 4, 1987), 9th Dist. No. 2254, at 12; Baker v. Cuyahoga Cty. Bar Assn. (Sept. 17, 1986), 9th Dist. No. 12594, at 6-7; In re Appeal of Juvenile (1978),61 Ohio App.2d 235, 239.