DECISION AND JUDGMENT ENTRY
{¶ 1} Lee Ann Campbell appeals the judgment of the Washington County Court of Common Pleas dismissing her R.C. 2506 appeal of her employment termination by the Washington County Public Library Board of Trustees (the "Board") and by Larry Nash White, Director of the Washington County Public Library ("White" and the "Library" respectively). The trial court dismissed Campbell's appeal for lack of subject matter jurisdiction. Campbell contends that the trial court erred in: (1) finding she had no right to appeal under R.C. Chapter 2506; and (2) failing to provide her with a hearing and other statutory rights under R.C. Chapter 2506. Because we find that Campbell was an unclassified, at-will employee, and that the decision she sought to appeal was not made in a quasi-judicial proceeding, we overrule her first assignment of error. Because our resolution of Campbell's first assignment of error renders her second assignment of error moot, we do not address it here. See App.R. 12(A)(1)(c). Accordingly, we affirm the trial court's judgment.
 I. {¶ 2} The Board hired Campbell on June 9, 1995. Most recently, Campbell served as the Library Reference Manager. In that position, she supervised five employees in the Reference Department, provided reference services, and taught computer classes to patrons of the Library.
 {¶ 3} On December 3, 2003, White issued a written reprimand to Campbell suspending her for fourteen days for "insubordination, lying to the Director, violating library policy and potentially illegal acts," and informing her that further discipline might be imposed. On December 16, 2003, the Board voted to reorganize the structure of the Library's services, merging Reference and Extension Services into one department called Information Access Services, and eliminating the reference manager position effective December 17, 2003. On December 17, 2003, Campbell received a voice mail message from White informing her that, due to the Library's reorganization, her position had been eliminated and her services were no longer needed.
 {¶ 4} Campbell appealed her suspension and termination to the Washington County Court of Common Pleas, naming the Board and White as defendants. Thereafter, Campbell filed a motion for remand to the Library for additional proceedings, and, in the alternative, for leave to submit additional evidence. On September 22, 2004, the trial court issued a decision on the pending motions, wherein it found that Campbell was an unclassified civil servant. Therefore, the trial court found she had no right to appeal adverse employment actions under Chapter 2506 of the Revised Code. Accordingly, the trial court determined that it should dismiss Campbell's appeal. On October 15, 2004, the trial court issued a judgment entry dismissing Campbell's appeal for lack of subject matter jurisdiction.
 {¶ 5} Campbell appeals, raising the following assignments of error: "[I.] The common pleas court erred in finding the appellant had no right to appeal an adverse action under O.R.C. Chapter 2506. [II.] The common pleas court erred in failing to provide a hearing and other statutory rights under O.R.C. Chapter 2506."
 II. {¶ 6} In her first assignment of error, Campbell contends that the trial court erred in dismissing her R.C. Chapter 2506 appeal for lack of subject matter jurisdiction. Campbell argues that her termination was "a decision that determines rights, duties, privileges, benefits, or legal relationships of a person" within the meaning of R.C. 2506.01, and, therefore, she has a right to appeal under that statute. We review the trial court's determination of its subject matter jurisdiction de novo, without any deference to that decision. Burns v. Daily (1996),114 Ohio App.3d 693, 701.
 {¶ 7} The Ohio Revised Code mandates the identification of Ohio's civil service as either classified or unclassified service, and specifically defines the unclassified service to include "[t]he library staff of any library in the state supported wholly or in part at public expense." R.C. 124.11(A)(7)(b). The distinction is significant in that R.C. Chapter 124 provides considerable job protection to classified civil servants. In contrast, Ohio courts have long recognized that unclassified civil servants serve at the pleasure of their appointing authority, and may be dismissed from their employment with or without cause. See, e.g.,State ex rel. Trimble v. State Bd. of Cosmetology (1977),50 Ohio St.2d 283, 285; Ohio Assn. P.S.E. v. Bd. of Edn. (1971),28 Ohio St.2d 58; Huber v. Celebrezze (1984), 14 Ohio App.3d 299,300-301.
 {¶ 8} Here, Campbell concedes that she is an unclassified civil servant. Therefore, she served at the will of her appointing authority. However, she claims that even an unclassified employee has a right of appeal from an adverse employment decision under R.C. Chapter 2506. For the reasons that follow, we disagree.
 {¶ 9} R.C. 2506.01 provides:
Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter.
The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.
A "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.
 {¶ 10} The Ohio Supreme Court has held that only administrative acts arising out of quasi-judicial proceedings are appealable under R.C.2506.01. M.J. Kelley Co. v. Cleveland (1972), 32 Ohio St.2d 150, at paragraph one of the syllabus. See, also, State ex rel. Rieke v. Hausrod
(1979), 59 Ohio St.2d 48, 49. The Kelley Court concluded that proceedings are not quasi-judicial unless there is a requirement for "notice, hearing, and the opportunity for the introduction of evidence." Kelley at paragraph two of the syllabus. The Court has further defined quasi-judicial authority as "the power to hear and determine controversies between the public and individuals which require a hearing resembling a judicial trial." State ex rel. Youngstown v. Mahoning Cty.Bd. of Elections (1995), 72 Ohio St.3d 69, 71. (Citations omitted.) Thus, in order to qualify as a quasi-judicial proceeding, there must be notice and the opportunity to introduce evidence at a hearing resembling a judicial trial.
 {¶ 11} Following the holding in Kelley, numerous courts have held that an unclassified employee has no right to appeal an employment termination under R.C. 2506.01 because the action he or she seeks to appeal is not the result of a quasi-judicial proceeding. See, e.g., State ex rel.Mileff v. Mifflin Twp. (Aug. 30, 1988), Franklin App. No. 88AP-108 (Tenth District), reversed on other grounds in (1990), 49 Ohio St.3d 269; Prosenv. Dimora (1992), 79 Ohio App.3d 120 (Eighth District); Miller v.Cleveland Heights, Cuyahoga App. No. 81871, 2003-Ohio-3664 (Eighth District); Schack v. Geneva Civ. Serv. Comm. (1993), 86 Ohio App.3d 689
(Eleventh District); Brown v. Akron Metro. Housing Auth., Summit App. No. 21527, 2004-Ohio-113 (Ninth District).
 {¶ 12} We previously addressed this issue in Peters v. Jackson
(1995), 100 Ohio App.3d 302. There, a volunteer firefighter appealed a decision of the director of public services terminating his employment. Following the reasoning of Kelley, Prosen and Schack, supra, we concluded that the trial court lacked subject matter jurisdiction to hear his appeal under R.C. 2506.01 because the firefighter was an unclassified civil service employee.
 {¶ 13} Despite this body of caselaw holding that an unclassified employee has no right to appeal an employment termination under R.C.2506.01, Campbell contends that she is entitled to such an appeal. She cites the cases of Dudukovich v. Lorain Metro. Hous. Auth. (1979),58 Ohio St.2d 202; Buchanan v. Dayton Metro. Hous. Auth. (Aug 12, 1991), Montgomery App. No. 12263; Alberini v. Warren Twp. Bd. of Trustees (Nov. 17, 1989), Trumbull App. No. 4083, and Pasquine v. Liberty Twp. Bd. ofTrustees (1993), 88 Ohio App.3d 481, for the proposition that an unclassified, "at-will" employee may appeal an adverse employment action under R.C. Chapter 2506. However, we find each of these cases distinguishable from the facts presented here.
 {¶ 14} In Dudukovich, the Lorain Metropolitan Housing Authority ("LMHA") terminated Dudukovich's employment as a housing inspector. Id. at 202. Thereafter, she appealed her dismissal to the LMHA board of directors. Id. After conducting a hearing, at which Dudukovich appeared, represented by counsel, the board of directors affirmed her dismissal. Id. Dudukovich then appealed the board's decision to the Lorain County Court of Common Pleas. The Ohio Supreme Court ultimately affirmed the decisions of the trial court and the Ninth District Court of Appeals reversing the employee's termination and ordering her reinstatement.Dudukovich at 208-209.
 {¶ 15} While the Dudukovich court actually ruled upon the merits of the R.C. 2506 appeal, the facts of that case are readily distinguishable from the facts herein. In Dudukovich, the employee sought review of an administrative and arguably quasi-judicial hearing affirming her termination. Here, in contrast, there was no quasi-judicial hearing forCampbell to appeal. She simply appealed the decision of the Board and White to terminate her employment.
 {¶ 16} Like Dudukovich, the employee in Buchanan, supra, appealed his termination before filing his R.C. 2506.01 appeal in the Montgomery County Court of Common Pleas — first to his department head, then to a hearing panel, and finally to his employer's Executive Director.Buchanan at 1. Thus, Buchanan arguably appealed a quasi-judicial decision under R.C. 2506.01. Furthermore, at oral argument, Buchanan's employer conceded that Buchanan had standing to file his appeal. Id. at 2. Thus, the court did not face a direct challenge of its jurisdiction to hear the appeal. Accordingly, we find Buchanan factually distinguishable from this case.
 {¶ 17} In Alberini, the employee appealed his dismissal from his employment as the Warren Township Zoning Inspector under R.C. Chapter 2506. Alberini at 1. The trial court entertained the appeal on the merits and "specifically found that the appellant was an employee at will and could be dismissed without any explanation or a `due process' hearing." Id. The Eleventh District Court of Appeals found that the appellant was not entitled to a full hearing before dismissal and affirmed the trial court's judgment. Id. at 3. However, as the Board and White note in their brief, the Alberini decision contains no indication that anyone ever challenged the trial court's jurisdiction to review the at-will employee's termination under R.C. Chapter 2506.
 {¶ 18} The Eleventh District Court of Appeals later relied upon its decision in Alberini, supra, to support its decision in Pasquine, supra. There, on the authority of Alberini and Buchanan, the court reversed the trial court's dismissal of the at-will employee's R.C. Chapter 2506 appeal. Pasquine at 484. The court then remanded the cause for further review under R.C. 2506.04 to determine whether the township board of trustees' decision to suspend the employee was "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record." Pasquine at 484. The court stated that, although it had found the appellant in Alberini "was not entitled to a full hearing before being dismissed from employment, [that] opinion did not state that [the] appellant was not entitled to an R.C. Chapter 2506 administrative appeal." Id.
 {¶ 19} However, we cannot reconcile the Eleventh District Court's holding in Pasquine with the Ohio Supreme Court's holding in Kelley,
supra, that the decisions of administrative officers and agencies are subject to appeal only when they originate from a quasi-judicial proceeding.[1] Therefore, we hold that an unclassified employee has no right to appeal an employment termination under R.C. Chapter 2506 where the action he or she seeks to appeal is not the result of a quasi-judicial proceeding. Because Campbell was an unclassified, at-will employee, and the action she seeks to appeal was not the result of a quasi-judicial proceeding, she has no right to appeal her termination under R.C. Chapter 2506. Accordingly, we overrule Campbell's first assignment of error.
 {¶ 20} Our resolution of Campbell's first assignment of error renders her second assignment of error moot and we will not address it. See App.R. 12(A)(1)(c). Accordingly, we affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., Concurs in Judgment and Opinion.
McFarland, J., Concurs in Judgment Only.
[1] In her dissenting opinion in Pasquine, Judge Christley recognizes the inherent conflict between the majority's holding in Pasquine and the Ohio Supreme Court's holding in Kelley. Furthermore, she distinguishes the Eleventh District's holding in Alberini on the ground that no one challenged the trial court's jurisdiction to hear the R.C. 2506 appeal there. Pasquine at 484-485.