[Cite as *Citibank (South Dakota), N.A. v. Paluch*, 2012-Ohio-334.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CITIBANK (SOUTH DAKOTA), N.A. | C.A. No.      25955 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM H. PALUCH, aka WILLIAM M. PALUCH | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO CASE No.     CVF1000759 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: February 1, 2012

WHITMORE, Judge.

{¶1}   Defendant-Appellant, William Paluch, appeals from the judgment of the Barberton Municipal Court in favor of Plaintiff-Appellee, Citibank (South Dakota), N.A. ("Citibank"), in the amount of $5,738.20, plus interest and costs. This Court affirms.

I

{¶2}   After Paluch defaulted on his Sears MasterCard, Citibank brought suit against him for judgment in the amount of $5,738.20. Paluch filed an answer, and the trial court granted Citibank leave to file a motion for summary judgment. Citibank filed its motion on June 25, 2010. Paluch then sought an extension of time to file a memorandum in opposition. The trial court granted Paluch's motion for an extension of time, but then granted Citibank's motion for summary judgment before the extension period expired. On August 16, 2010, Paluch filed a motion to vacate the summary judgment award. He also filed a memorandum in opposition to

the motion for summary judgment. The trial court granted Paluch's motion to vacate on October 12, 2010, and set the matter for trial.

{¶3} After speaking with the parties at a pre-trial hearing, the trial court determined that Paluch did not have a valid defense to Citibank's claim. Accordingly, on April 29, 2011, the trial court once again granted summary judgment in Citibank's favor. In response, Paluch filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court denied his motion.

{¶4} Paluch now appeals and raises four assignments of error for our review. For ease of analysis, we consolidate several of the assignments of error.

II

Assignment of Error Number One

"THE TRIAL COURT FAILED TO CONSIDER THE WEIGHT OF THE EVIDENCE AS REFLECTED IN THE RECORD IN DEFENDANT-APPELLANT'S MOTION IN OPPOSITION TO PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND SUBSEQUENT MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B)."

Assignment of Error Number Two

"COUNSEL FOR PLAINTIFF-APPELLEE KNOWINGLY VIOLATED THE CODE OF PROFESSIONAL RESPONSIBILITY IN FAILING TO ACT WITHIN THE CASE *SUB JUDICE* TO THE DETRIMENT OF THE DEFENDANT-APPELLANT."

Assignment of Error Number Three

"THE TRIAL COURT ERRED IN NOT PRESENTING A FINDING OF FACTS AND CONCLUSION OF LAW IN THE RULING ON DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT AND ADDRESSING THE MERITS."

{¶5} In his first three assignments of error, Paluch argues that the trial court erred by failing to rule on his memorandum in opposition to summary judgment and to address his motion for relief from judgment on the merits. He further argues that Citibank's counsel violated the Code of Professional Responsibility by not responding to his motion for relief from judgment.

**{¶6}** Initially, we note that Paluch appeared pro se in the court below and continues to act pro se on appeal. With respect to pro se litigants, this Court has repeatedly held that

> pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party. (Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, ¶ 3.

With the foregoing in mind, we turn to Paluch's arguments.

**{¶7}** The trial court ultimately entered summary judgment in favor of Citibank on April 29, 2011. At that time, the trial court had the benefit of Paluch's memorandum in opposition, which he filed on August 16, 2010. Paluch premised his motion for relief from judgment upon the trial court not having received his memorandum in opposition. In his motion for relief, Paluch averred that he was unable to find his memorandum in opposition on the court's online docket and, therefore, it was not a part of the record for the trial court's consideration. Paluch's memorandum, however, was filed on August 16, 2010, and was made a part of the trial court record. It also is a part of the record on appeal. Because the memorandum in opposition was a part of the record below, Paluch was not entitled to relief from judgment on the basis that the clerk's office did not file it. As such, the trial court did not err by denying his motion for relief from judgment.

**{¶8}** We also find no merit in Paluch's remaining assertions. To the extent that Paluch argues Citibank's counsel violated the Code of Professional Responsibility by not filing a response to his motion for relief from judgment, we cannot address that argument. "[A] determination that an attorney has violated the Code of Professional Responsibility lies solely

within the jurisdiction of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio * * *." *Cooley v. Sherman*, 9th Dist. No. 05CA008860, 2006-Ohio-6065, ¶ 3, fn. 1. *Accord Brown v. Akron Metropolitan Housing Authority*, 9th Dist. No. 21527, 2004-Ohio-113, ¶ 3, fn. 1. Moreover, the record does not support Paluch's assertion that the trial court failed to rule upon his memorandum in opposition. As noted above, the court had the benefit of Paluch's memorandum in opposition at the time it granted summary judgment in Citibank's favor on April 29, 2011. The trial court granted Citibank's motion, not because it did not have a response from Paluch, but because it determined that Paluch did not have a "valid defense to the claim." Based on the foregoing analysis, Paluch's first three assignments of error are overruled.

Assignment of Error Number Four

"THE MANIFEST WEIGHT OF THE EVIDENCE IS CLEARLY IN FAVOR OF DEFENDANT-APPELLANT IN THE MOTION IN OPPOSITION TO SUMMARY JUDGMENT."

{¶9} In his fourth assignment of error, Paluch argues that the court erred by granting Citibank's motion for summary judgment. We disagree.

{¶10} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine

issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶11} Paluch does not deny owing a debt to Citibank or dispute the amount of the debt at issue. His only argument is that Citibank was not entitled to judgment because it acted in bad faith by not allowing him to accept the terms of the settlement offer it extended to him in September 2009. The offer provided that Citibank would settle its account with Paluch if he paid $1,696.89, the settlement amount, "in full no later than September 24, 2009." In opposing Citibank's motion for summary judgment, Paluch averred that he called Citibank at some point after he received its offer and "left a message concerning his desire to settle." He never spoke with anyone at Citibank, however, and never submitted the settlement amount. Because he failed to perform within the time frame designated by Citibank, Citibank was within its right to revoke the offer it made. *Bretz v. Union Central Life Ins. Co.*, 134 Ohio St. 171, 175-176 (1938) ("Acceptance of an offer to enter into a unilateral contract can be effected only by performance of the condition prescribed and within the time fixed. * * * Nothing less than performance will tender acceptance, and until such time the right to revoke remains unimpaired."). Paluch has not shown that the trial court erred by awarding summary judgment to Citibank. Consequently, his fourth assignment of error is overruled.

III

**{¶12}** Paluch's assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

WILLIAM PALUCH, pro se, Appellant.

MELISSA A. HAGER and JAMES Y. OH, Attorneys at Law, for Appellee.