[Cite as *Millennia Hous. Mgt. v. Johnson*, 2012-Ohio-1044.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96854

# MILLENNIA HOUSING MANAGEMENT LTD.

PLAINTIFF-APPELLEE

vs.

# PATRICIA JOHNSON

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2011 CVG 003966

**BEFORE:** E. Gallagher, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 15, 2012

**FOR APPELLANT**

Patricia Johnson, pro se
P.O. Box 91391
Cleveland, Ohio    44101


**ATTORNEYS FOR APPELLEE**

Robert G. Friedman
James J. Costello
Powers Friedman Linn, PLL
Four Commerce Park Square
23240 Chagrin Blvd., Suite 180
Cleveland, Ohio   44122

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, Patricia Johnson ("appellant"), appeals the judgment of the Cleveland Municipal Court, Housing Division, ordering the release of appellant's deposited rent to Millennia Housing Management Ltd. ("Millennia") without hearing. For the following reasons, we reverse and remand for further proceedings.

{¶2} This case involves a dispute between a landlord, Millennia, and its tenant, appellant. In January 2011, appellant, pursuant to R.C. 5321.07, deposited her January rent payment with the Cleveland Municipal Court, alleging defective conditions in the rental property at issue. (Rent Escrow Case No. 2011RD000002.) According to appellant, she later deposited her February and March rent payments with the court as well. Millennia commenced this action, pursuant to R.C. 5321.09(A), by filing an application for release of rent, alleging that it had "remedied all conditions complained of by [appellant]." Appellant filed an answer and a counterclaim to the complaint, as permitted by R.C. 5321.09(B).

{¶3} The trial court granted judgment in favor of Millennia on the pleadings under Civ.R. 12(C) holding that appellant failed to address and deny — as required by Civ.R. 8(B) — the allegation in Millennia's complaint that all conditions complained of had been remedied. The trial court thus deemed admitted Millennia's contention that it had remedied the complained of conditions pursuant to Civ.R. 8(D). Accordingly, the trial court ordered the court's clerk to release all funds on deposit, less poundage, to

Millennia. The trial court also struck appellant's counterclaim under Civ.R. 12(F) as insufficient. This appeal followed.

{¶4} Appellant brings the present appeal advancing the following sole assignment of error:

> The trial court erred as a matter of law, when it ordered the release of the rent deposit to [Millennia] without holding a trial.

{¶5} Because the trial court overlooked the portion of appellant's answer that specifically denied Millennia's allegation that it had remedied all conditions, appellant's sole assignment of error is well-taken.

{¶6} Appellant simultaneously filed her answer and counterclaim. The pages, however, were not numbered and were filed out of order. As a result, at first blush, it appears that appellant's answer consists of three paragraphs — none of which address whether the conditions had been remedied. Attached to appellant's counterclaim and separate from her answer, however, is a document that contains paragraphs 4 and 5. In paragraph 4(a), appellant affirmatively states, "[Millennia] has not remedied all conditions complained by [appellant], as of 3/11/11 * * *." Therefore, because appellant's answer does specifically deny Millennia's principal allegation in this matter, Millennia was not entitled to judgment on the pleadings.

{¶7} Moreover, even if the misplaced portion of appellant's answer was actually a part of her counterclaim, Civ.R. 8(C) requires that, "when a party mistakenly designate[s] a defense as a counterclaim[,] * * * the court, if justice so requires, shall

treat the pleading as if there had been a proper designation." Further, Civ.R. 8(F) requires "all pleadings to be so construed as to do substantial justice." Therefore, even though appellant failed to file her answer and counterclaim in proper order, the trial court erred by ordering the release of appellant's deposited rent on the pleadings.

{¶8} The trial court further struck appellant's counterclaim as insufficient under Civ.R. 12(F). Under Civ.R. 12(F): " * * * the court may order stricken from any pleading any insufficient claim or defense * * *." Although Civ.R. 12(F) gives the court discretion to strike entire pleadings, they should not ordinarily be stricken in their entirety, but only those portions that are objectionable. *Lewis v. Horace Mann Ins. Co.*, 8th Dist No. 82530, 2003-Ohio-5248, ¶ 42.

{¶9} The judicial authority to order pleadings or portions thereof stricken pursuant to Civ.R. 12(F) "is a matter committed to the discretion of the Court." *Worth v. Huntington Bancshares, Inc.*, 8th Dist. No. 52861, 1987 WL 25694 (overruled, in part, on other grounds). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (9th Dist.1983).

{¶10} Allegations in a pro se complaint are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652, (1972). "[P]ro se litigants should be granted reasonable

leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities." *Citibank (South Dakota), N.A. v. Paluch*, 9th Dist. No. 25955, 2012-Ohio-334, ¶ 6, quoting *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, ¶ 3.

**{¶11}** Considering the entirety of appellant's counterclaim and the damages asserted therein due to the alleged conduct of the appellee, notably damage to, and removal of, specific property of the appellant by Millennia, we hold that the trial court abused its discretion in striking appellant's counterclaim pursuant to Civ.R. 12(F).

**{¶12}** Judgment reversed and the cause remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR