[Cite as *Burgin v. Eaton*, 2011-Ohio-5951.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

ROBERT K. BURGIN                    :

    Plaintiff-Appellant              :       C.A. CASE NO.   24757

v.                                   :       T.C. NO.   CVF 1100591

OFFICER CRAIG EATON                 :       (Civil appeal from
                                       Municipal Court)
    Defendant-Appellee               :

                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   18th   day of    November   , 2011.

. . . . . . . . . .

ROBERT K. BURGIN, 708 W. Fairview Avenue, Dayton, Ohio 45406
      Plaintiff-Appellant

VICTORIA E. WATSON, Atty. Reg. No. 0061406, Assistant Prosecuting Attorney, 301 W.
Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   This matter is before the Court on the pro se Notice of Appeal of Robert K.

Burgin, filed July 29, 2011.   Burgin appeals from the grant of summary judgment in favor

of Deputy Sheriff Craig Eaton of the Montgomery County Sheriff's Office.

{¶ 2}   On February 7, 2011, Burgin filed a petition in Vandalia Municipal Court,

Small Claims Division, seeking judgment against Eaton in the sum of $3,000.00. Burgin's Statement of Claim provides that he seeks "wages during possession of heroine (sic) case from 7-19-10 through 11-23-10 after proveing (sic) my innocence from 11-30-09 possession drug charge." The municipal court set the matter for a mediation conference.

{¶ 3} Eaton filed an Answer and a "Motion to Transfer Civil Action from Small Claims Docket to Regular Docket" on March 15, 2011, "on the grounds that the Defendant has a good defense to Plaintiff's claim in that he is immune from liability by virtue of State and Federal law, and is otherwise not liable herein." In his motion, Eaton further asked the court to vacate the scheduled mediation conference. Attached to the Motion is the Affidavit of Victoria Watson, counsel for Eaton. The affidavit provides that Watson investigated Burgin's complaint, and his "alleged incarceration, and thus his claimed lost wages, if true, were the direct result of the Plaintiff's failure to appear and otherwise comply with orders issued by the Montgomery County Court of Common Pleas." The affidavit states that Eaton intended to file a motion for summary judgment.

{¶ 4} On March 17, 2011, the magistrate issued an order which vacated the mediation date and granted Burgin 14 days to show cause why the matter should not be transferred to the regular docket. On March 28, 2011, Burgin filed a copy of a letter addressed to him from a "Senior Producer" of the "Judge Mathis" program, along with a handwritten note that provides, "I would have made the date of the small claims case much earlier. Due to another state, JUDGE MATHIS I gave enough time for the Defendant to understand a few things." On April 4, 2011, the matter was transferred to the regular docket.

**{¶ 5}** On May 10, 2011, the municipal court issued a Pre-Trial Order that granted Eaton until June 3, 2011, to file a motion for summary judgment, and granted Burgin 14 days after the date of filing to respond thereto. The Order provides, "Following receipt of Plaintiff's timely filed response, this matter shall be decided by the Court without further hearing unless otherwise ordered by the Court."

**{¶ 6}** Eaton filed his motion for summary judgment on June 2, 2011, asserting that he is entitled to immunity under Chapter 2744 of the Ohio Revised Code. Attached to the motion are the Affidavits of Eaton, and Captain Charles Crosby of the Montgomery County Sheriff's Office, who is custodian of the records of the Montgomery County Jail. Multiple documents are attached to Crosby's Affidavit.

**{¶ 7}** According to Eaton's Affidavit, on Monday, November 30, 2009, upon arrival at work and pursuant to office policy, he carefully searched his assigned cruiser, using a flashlight, for weapons and contraband, including the areas underneath the front and back seats. Eaton avers that his sergeant then asked him to transport Burgin to the jail since he had been arrested for criminal trespassing by another deputy. After transporting Burgin in his assigned cruiser, Eaton averred that he again searched his cruiser, pursuant to policy, and he retrieved a capsule of heroine from underneath the backseat where Burgin had been seated. Eaton averred that his sergeant then "approved" a possession charge for Burgin. Eaton further averred that after Burgin was interviewed by detectives, "the possession of drugs charge was 'detective released,' meaning that Mr. Burgin would not be officially charged with possession of drugs until lab results were obtained and the charges were presented to the the Montgomery County Prosecutor's Office." Finally, Eaton averred that

his "next direct contact with Mr. Burgin was when I testified about finding the heroin capsule in my cruiser at his trial for the possession of drugs charge."

{¶ 8} Crosby's Affidavit authenticates several records concerning Burgin, kept in the ordinary course of business at the jail, which indicate in part that Burgin arrived at the jail on November 30, 2009, having been charged with criminal trespassing and possession of drugs. Crosby further averred that Burgin was released from the Montgomery County Jail on December 3, 2009, and transported by the Sheriff's Office to Summit Behavioral Healthcare by court order on the criminal trespassing charge. Crosby averred that the possession of drugs charge was "detective released," and that Burgin did not return to the jail until July 19, 2010, when he was arrested and taken into custody on two outstanding warrants, one from the Vandalia Municipal Court and one from the Montgomery County Court of Common Pleas. Finally, Crosby averred that Burgin was released from the jail on November 23, 2010, per court order. A copy of Burgin's May 21, 2010 indictment for possession of heroin is also attached to the motion.

{¶ 9} The magistrate issued an order on June 7, 2011, granting Burgin 14 days from the date of the order to respond to Eaton's motion for summary judgment. The order directs Burgin's attention to Civ.R. 56, and it provides in part that the rule "states that one may not rest upon the mere allegations or denials of the pleadings but his/her response, by affidavit or as otherwise provided in the rule, must set forth specific facts showing to the Court that there is a genuine issue of material fact that necessitates a trial. Any such response must also be served upon Plaintiff's attorney. * * *

{¶ 10} "Following receipt of Defendant's timely filed response, this matter shall be

decided by the Court without further hearing unless otherwise ordered by the Court."

{¶ 11} Burgin, proceeding pro se, filed multiple documents in response to Eaton's motion, which he did not serve upon Eaton. One document is labeled at the top in handwriting, "$ The Financial Account $," and at the bottom it is labeled, "Summery Judgment" (sic). The document contains handwriting over a printed page that appears to have been torn from a religious program at "Wayman Chapel." A second document is a Dayton Police Department accident form that identifies an accident that occurred in 2005 and lists a defendant and two witnesses. Burgin also filed a printout from an unknown source identifying Burgin and listing the following offenses with findings of guilty: "open container alcohol viol," "injury to personal property," and "intoxicated and disruptive." Burgin further filed a handwritten narrative of events regarding in part the above offenses, and an "Arrest Inquiry" printout relating to Burgin that also contains a handwritten list of multiple offenses. Finally, Eaton filed a copy of a portion of a Dayton Police Department form indicating that Burgin was arrested for possession of drugs in 2002 and for possession of heroin and criminal trespassing on July 19, 2010.

{¶ 12} On June 29, 2011, the municipal court sustained Eaton's motion for summary judgment. After summarizing the documents filed by Burgin, the court relied upon Eaton's and Crosby's affidavits and supporting documents in setting forth the facts. The court noted that Eaton's immunity is a question of law "properly determined by a Court prior to trial and preferably through a Motion for Summary Judgment." The court determined that Eaton is immunized from liability arising from the negligent performance of his duties as a governmental employee, acting within the scope of his employment, and that Burgin

accordingly had to demonstrate that Eaton's acts or omissions were either outside the scope of Eaton's employment, or that Eaton's acts or omissions were malicious, in bad faith, or done in a wanton or reckless manner. The court further noted that Burgin did not allege that Eaton acted in bad faith, and it determined that Burgin's acquittal on the possession charge does not "automatically entitle [him] to an award of lost wages, if, in fact, he incurred the same."

{¶ 13} The municipal court further noted that, if Burgin intended to state a cause of action against Eaton for malicious prosecution, the "main component" of which is a lack of probable cause, Burgin's May 21, 2010 indictment for possession of heroin is "prima facie evidence of probable cause."

{¶ 14} Burgin asserts three assigned errors which we will consider together. They are as follows:

{¶ 15} "1. A WAIVER OF A HEARING CANNOT BE MADE WITHOUT THE DEFENDANT INTELLIGENTLY UNDERSTANDING THE LEGAL AND ANCILLARY RAMIFICATIONS OF SUCH A WAIVER." And,

{¶ 16} "2. IT IS NOT IN THE PUBLIC INTEREST TO RESTRICT A DEFENDANT'S DUE PROCESS RIGHTS TO SUCH A DEGREE AS TO IMPACT THEIR JOB AND OR FINANCIAL SECURITY." And,

{¶ 17} "3. WHETHER IT IS UNCONSCIONABLE FOR A JUDGE TO REFUSE TO ALLOW A HEARING ON A SMALL CLAIMS TRANSFERRED TO THE REGULAR DOCKET FROM A FELONY RESULTED IN A NON-GUILTY VERDICT IF THE DEFENDANT DID NOT UNDERSTAND INTELLIGENTLY HIS OR HER WAIVER OF

SAID HEARING."(sic)

{¶ 18} According to Burgin, "The court will find the defendant did not intelligently waive his right to an attorney nor did he intelligently understand the ramifications of his actions. The court will also find that the trail (sic) court commited (sic) reversible error when it refused to allow a plaintiff a chance to present his case in light of the extenuating circumstances and this unconscionable action is cause for the decision of the trail (sic) to be reversed."

{¶ 19} We initially note that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." *Yocum v. Means*, Darke App. No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." Id. (Internal citations omitted).

{¶ 20} "Civ. R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. (Internal citations omitted). Our review of the trial court's decision to grant summary judgment is de novo." *Cohen v. G/C Contracting Corp.,* Greene App. No. 2006 CA 102, 2007-Ohio-4888, ¶ 20.

{¶ 21} Initially, we note, as Eaton asserts, that R.C. 1925.10(B)[1] authorizes the court

---

[1]"In the discretion of the court, a case duly entered on the docket of the

to transfer a matter filed in the small claims division to the court's regular docket.

{¶ 22} In his assigned errors, Burgin appears to contend that he was entitled to an attorney and a hearing on Eaton's motion for summary judgment. "In *State ex rel. Jenkins v. Stern* (1987), 33 Ohio St.3d 108, 110, * * *, the Ohio Supreme Court noted that '[t]here is no generalized right of counsel in civil litigation.' The Supreme court noted that:

{¶ 23} "'* * * [C]ertain distinctions can be made between the rights of civil litigants and those of criminal defendants. A criminal defendant's right to counsel arises out of the sixth amendment, and includes the right to appointed counsel when necessary. * * * A civil litigant's right to retain counsel is rooted in fifth amendment notions of due process; the right does not require the government to provide lawyers for litigants in civil matters. * * * A criminal defendant faced with a potential loss of his personal liberty has much more at stake than a civil litigant asserting or contesting a claim for damages, and for this reason the law affords greater protection to the criminal defendant's rights.'

{¶ 24} "Intermediate appellate courts, including our own, have followed these principles, and have found no constitutional right to representation in cases involving individual civil litigants." (Internal citations omitted). *Cincinnati Ins. Co. v. Schaub*, Montgomery App. No. 22419, 2008-Ohio-4729, ¶ 18-20. Accordingly, while Eaton was entitled to retain representation below, he was not entitled to have counsel appointed for him.

---

small claims division may be transferred to the regular docket of the court upon the motion of a party against whom a claim * * * is instituted * * *. A motion filed under this division shall be accompanied by an affidavit stating that a good defense to the claim exists, setting forth the grounds of the defense, and setting forth the compliance of the party * * * with any terms fixed by the court. * * * ."

{¶ 25} Regarding a hearing, "an oral hearing is not required for every summary judgment motion." *Anania v. Daubenspeck Chiropractic* (1998), 129 Ohio App.3d 516, 522. The record reflects that the municipal court did not set a hearing date, but it gave Burgin notice of the date on which Eaton's motion would be submitted for decision, thereby providing a deadline for the filing of Burgin's memorandum in opposition. The court also informed Burgin twice that it would not hold a hearing on Eaton's motion, and Burgin indicates in his brief that he received the Magistrate's Order of June 7, 2011, regarding the submission of Eaton's motion for decision.

{¶ 26} Burgin does not contest Eaton's immunity in his brief, and we conclude that the trial court properly determined that Eaton, as an employee of the political subdivision of Montgomery County, is immune from liability on Burgin's complaint. The question of immunity is a question of law as the trial court noted. *Conley v. Shearer* (1992), 64 Ohio St.3d 284. Pursuant to R.C. 2744.03(A)(6), Eaton "cannot be held personally liable for acts committed while carrying out his or her official duties unless one of the exceptions to immunity is established." *Cook v. Cincinnati* (1995), 103 Ohio App.3d 80, 90. As the trial court noted, to establish liability, Burgin had to demonstrate that Eaton's "acts or omissions were manifestly outside the scope of [his] employment or official responsibilities," or "were with malicious purpose, in bad faith, or in a wanton or reckless manner," neither of which situations Burgin alleged. R.C. 2744.03(A)(6). In response to Eaton's motion for summary judgment, Burgin did not present competent Civ.R. 56 evidence showing that a genuine issue of material fact existed for trial. We note that in his brief, Burgin cites to *Baron v. Andolsek*, Lake App. No. 2003-L-005, 2004-Ohio-1159, wherein the plaintiff

alleged malicious prosecution against a police officer and the Eleventh District, in affirming the grant of summary judgment in favor of the officer, determined that the plaintiff "failed to overcome the presumption of probable cause which attached when the grand jury indicted him." Id., at ¶ 31. *Baron* does not support Burgin's position, if, as the trial court noted, Burgin intended to state a cause of action for malicious prosecution. Finally, as Eaton asserts, Burgin cannot establish that his arrest and incarceration from July, 2010 until November, 2010 was caused by Eaton's actions, since Burgin was incarcerated for the outstanding warrants.

**{¶ 27}** Since Eaton established that he was entitled to summary judgment as a matter of law, Burgin's three assigned errors are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Robert K. Burgin
Victoria E. Watson
Hon. Cynthia M. Heck