[Cite as *Galluzzo v. Braden*, 2012-Ohio-3980.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL GALLUZZO | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.    2011 CA 30 |
| v. | : | T.C. NO.    11CV241 |
| JOE BRADEN, et al. | : | (Civil appeal from Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____31st____ day of ____August____, 2012.

. . . . . . . . . .

MICHAEL GALLUZZO, P. O. Box 710, St. Paris, Ohio 43072
        Plaintiff-Appellant

DOUGLAS P. HOLTHUS, Atty. Reg. No. 0037046, 300 East Broad Street, #350, Columbus, Ohio 43215
        Attorney for Defendants-Appellees

. . . . . . . . . .

FROELICH, J.

{¶ 1}    Michael A. Galluzzo appeals, pro se, from a judgment of the Champaign County Court of Common Pleas, Civil Division, which ordered him to pay court costs

following the voluntary dismissal of a case Galluzzo had filed, and thereby implicitly overruled Galluzzo's Motion to Waive Fees. The trial court ordered that the court costs be paid "at the minimum rate of $10 per month."

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed.

I

{¶ 3} In September 2011, Galluzzo filed a pro se "Complaint for Violation of Civil Rights" against Joe Braden, Joseph Sampson, and Patricia Garrison, who were the Village of St. Paris mayor, administrator, and zoning officer, respectively.[1] The complaint alleged that Garrison had "overreach[ed] her authority" as zoning officer and, in doing so, "invaded the privacy and property rights" of Galluzzo and others; Braden and Sampson were her supervisors. Very generally, Galluzzo's complaint asserted that he had been wrongly accused of having "trash, debris, and garbage" around his property, for which he had been "threatened * * * with fines and possible incarceration." He sought damages for "time lost" and "mental and emotional harm" of up to $500,000.

{¶ 4} When he filed his complaint, Galluzzo also filed a Motion to Waive Fees, in which he asserted that he was "currently receiving Social Security retirement benefits and other means tested public assistance." The trial court acknowledged the filing of the complaint (for which no initial filing fee was collected) and motion to waive fees, and it sent a copy of "an indigency form" to Galluzzo, with instructions that he complete and file it "so that the Court can evaluate the indigency claim." Ten days later, Galluzzo filed an Affidavit

---

[1]The complaint did not specify that it was filed against Braden, Sampson, and Garrison in their official capacities, although the arguments contained therein related to their activities in their official capacities.

of Indigency, which indicated that he had income from Social Security in the amount of $690 per month, and child support expenses in the amount of $210 per month. Thus, the Affidavit of Indigency reflected an adjusted total income of $480 per month. Galluzzo listed monthly expenses totaling $782.60, most significantly food ($200), fuel ($200), and "other" ($165). Galluzzo stated that his total assets were valued at $830.

{¶ 5} In October 2011, Braden, Sampson, and Garrison filed a Motion to Dismiss Galluzzo's complaint, on the basis that they were entitled to immunity pursuant to R.C. 2744.03 et seq. Approximately two weeks later, Galluzzo filed a Notice of Voluntary Dismissal; he asserted that he was out of state and could not "properly prosecute this matter at this time."

{¶ 6} In November 2011, the trial court filed an entry finding that Galluzzo was "not indigent under current conditions for the purpose of court cost payment." It ordered him to pay costs "at the minimum rate of $10.00 per month," with the first payment due in late November. Although the trial court's entry did not include the total amount of costs owed, it appears from the docket sheet that costs were assessed in the amount of $292.00.

{¶ 7} On appeal, Galluzzo argues that the trial court erred in failing to waive costs because his Affidavit of Indigency was "uncontested" and because the trial court did not consider "the totality of [his] economic circumstances."

II

{¶ 8} As a preliminary matter, Galluzzo contends that the trial court should have given him wide latitude in the filing of his "pleading and papers," because he was not represented by an attorney. We have repeatedly held, however, that "[l]itigants who choose

to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." *Burgin v. Eaton*, 2d Dist. Montgomery No. 24757, 2011-Ohio-5951, ¶ 19, citing *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." *Id.* Galluzzo has cited numerous federal cases which he contends support his claim that he was entitled to lenient treatment; but while courts may choose to extend some degree of leniency to pro se litigants, "leniency" is not mandated or even defined.[2]

{¶ 9}     Moreover, the trial court's decision in this case was not based on any procedural or substantive defect in Galluzzo's filings which might have been linked to his decision to represent himself. For example, he did not miss a filing or fail to provide documentation of his claims. Indeed, he filed his Complaint without a filing fee or deposit, and the trial court provided him with the paperwork he needed (the Affidavit of Indigency form); he completed and returned it to the court in a timely manner. The assessment of costs in this case does not appear to have been affected in any way by Galluzzo's self-representation or by any lack of "leniency" by the court.

III

{¶ 10}     Galluzzo contends that, under the totality of his "economic circumstances," he was entitled to a waiver of court costs.

{¶ 11}     "While courts traditionally waive filing fees and costs for indigent persons in order to promote the interests of justice, it is within the court's discretion whether

---

[2]We express no opinion about whether the cases cited by Galluzzo stand for the propositions in question.

indigency status is proper in a particular case. The trial judge may consider whether a litigant has caused the court's limited resources to be expended needlessly in the past by filing numerous, repetitious, or frivolous complaints, whether the affidavit of indigency includes sufficient information concerning the litigant's financial condition, whether additional information is required, and whether the affidavit of indigency appears to be reasonable under conditions then existing." (Citations omitted.) *Wilson v. Dept. of Rehab. & Corr.*, 138 Ohio App.3d 239, 243, 741 N.E.2d 152 (10th Dist. 2000); *Carter v. Elliott*, 2d Dist. Clark No. 2008 CA 107, 2009-Ohio-7039, ¶ 5. A trial court abuses its discretion if its judgment is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} In overruling Galluzzo's motion to waive fees, the trial court considered his affidavit and stated that Galluzzo was "not indigent under current conditions for the purpose of court costs payment." The record does not contain the criteria for a finding of indigency in Champaign County, especially as that finding relates to the payment of court costs, but we have no basis to question the trial court's conclusion that Galluzzo did not qualify. The source of Galluzzo's income – Social Security – did not, in itself, provide a compelling basis for the waiver of costs, as his motion suggested. Moreover, the trial court's order recognized Galluzzo's limited means by allowing him to pay a minimum of only $10 per month toward the costs, giving him an extended period over which to satisfy the obligation. Neither the requirement that costs be paid nor the manner in which the trial court ordered that they be paid was unreasonable, arbitrary, or unconscionable.

{¶ 13} Galluzzo's assignments of error are overruled.

IV

{¶ 14}    The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and RICE, J., concur.

(Hon. Cynthia Westcott Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Michael Galluzzo
Douglas P. Holthus
Hon. Roger B. Wilson