[Cite as *Cox v. Oliver*, 2015-Ohio-3384.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| GEORGIA B. COX | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 26515 |
| | : | |
| v. | : | Trial Court Case No. 2014-CV-3749 |
| | : | |
| KIMBERLY OLIVER, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| *Defendants-Appellees* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 21st day of August, 2015.

. . . . . . . . . .

BYRON L. POTTS, Atty. Reg. No. 0040246, KIA M. WRICE, Atty. Reg. No. 0090973, 538 East Rich Street, Columbus, Ohio 43215
    Attorneys for Plaintiff-Appellant

LINDSAY M. JOHNSON, Atty. Reg. No. 0077753, 1 South Main Street, Suite 1800, Dayton, Ohio 45402
    Attorney for Defendant-Appellee-Beverly Meyer

LAURA G. MARIANI, Atty. Reg. No. 0063204, Assistant Montgomery County Prosecuting Attorney, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Defendant-Appellee-Kimberly Oliver

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiff-Appellant, Georgia Cox, appeals from a judgment granting a motion to dismiss filed by Defendant-Appellee, Kimberly Oliver.   In support of her appeal, Cox contends that the trial court erred in concluding that Cox's complaint failed to state a claim against Oliver.

{¶ 2} We conclude that the trial court did not err in granting Oliver's motion to dismiss the complaint pursuant to Civ.R. 12(B)(6).   Construing the allegations in the complaint as true, Cox failed to state a claim for abuse of process against Oliver. Accordingly, the judgment of the trial court will be affirmed.


I.   Facts and Course of Proceedings

{¶ 3} On October 10, 2012, Georgia Cox allegedly assaulted a student while working as an Intervention Specialist at Meadowdale High School in Dayton, Ohio.   After a police investigation, Cox was indicted for Assault, a fourth degree felony, and was convicted following a jury trial.   We affirmed Cox's conviction in May 2014.   *See State v. Cox*, 2014-Ohio-2201, 12 N.E.3d 466 (2d Dist.), *appeal not accepted for review*, 140 Ohio St.3d 1454, 2014-Ohio-4414, 17 N.E.3d 599 (filed October 8, 2014).

{¶ 4} In June 2014, Cox filed a pro se civil action against Kimberly Oliver, the prosecutor in the criminal action, and Beverly Meyer, an attorney who had represented the Dayton City School District ("DCSC") with respect to the termination of Cox's employment with DCSC.   The complaint contained five counts, including malicious prosecution, fraud, slander of title, negligence, and interference with a contractual relationship.   In July 2014, Oliver filed a motion to dismiss the complaint pursuant to

Civ.R. 12(B)(6). Meyer also filed a motion to dismiss the complaint in July 2014.

{¶ 5} Cox then filed an amended complaint in mid-August 2014. The major alteration in the amended complaint was that the claim for malicious prosecution was changed to a claim for abuse of process. Some additional facts were also included in the amended complaint. After further memoranda on the dismissal issue were submitted, the trial court filed a decision on November 13, 2014, granting Oliver's motion to dismiss. The court also granted Meyer's motion to dismiss, except for the claim of legal malpractice against Meyer. In this regard, the court found the allegations of legal malpractice marginally sufficient to implicate a malice exception to the general rule that attorneys will not be held liable to third parties. The trial court included a Civ.R. 54(B) certification only with respect to the dismissal of the claims against Oliver. Cox timely appealed from the decision of the trial court.

## II. Propriety of the Dismissal of the Complaint

{¶ 6} Cox's sole assignment of error is as follows:

The Trial Court Erred by Dismissing Plaintiff-Appellant's Complaint for Failure to State a Claim upon Which Relief Can Be Granted.

{¶ 7} Although Cox's assignment of error is broadly stated, Cox's discussion of the issues only mentions dismissal of the abuse of process claim. As a result, we will confine our discussion to this point.

{¶ 8} Under her sole assignment of error, Cox argues that as a pro se litigant, she failed to appreciate the "fine distinction" between abuse of process and malicious prosecution. She contends that she alleged in multiple places that Oliver abused the trial

for an ulterior motive. Cox, therefore, argues that the trial court should not have dismissed the claim for abuse of process.

{¶ 9} Before addressing this issue, we note that Cox has referred in her brief to the dismissal of the abuse of process claims against both Meyer and Oliver. As a result, both Meyer and Oliver have filed briefs defending the trial court's decision. However, the trial court did not enter a Civ.R. 54(B) certification concerning the dismissal of claims against Meyer, and the validity of the complaint with respect to those claims is not before us. Instead, the only issue before us is the dismissal of the complaint against Oliver.[1]

{¶ 10} "In order to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, after all factual allegations are presumed true and all reasonable inferences are made in favor of the nonmoving party, it must appear beyond doubt from the complaint that the relator/plaintiff can prove no set of facts warranting relief." (Citation omitted.) *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 14, 661 N.E.2d 170 (1996). Decisions granting Civ.R. 12(B)(6) motions to dismiss are reviewed using a de novo standard. (Citation omitted.) *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. "*De novo* review requires that we review the trial court's decision independently and without deference to it." (Emphasis sic.) (Citation omitted.) *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997).

{¶ 11} As was noted, prior to amendment, the complaint raised a theory of malicious prosecution against Oliver; after amendment, the claim was changed to abuse

---

[1] Cox's brief also states as the sole issue for review that "[t]he trial court erroneously dismissed the abuse of process claims against Defendant Meyer." Appellant's Brief, p. 6. This is obviously a typographical error, as Oliver's dismissal is the only matter properly before us.

of process.

{¶ 12} "The tort of malicious prosecution, whether criminal or civil, provides a remedy when a proceeding is instituted without probable cause. However, it does not provide a remedy for a related, yet different situation. The tort action termed 'abuse of process' has developed for 'cases in which legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed.' " *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 297, 626 N.E.2d 115 (1994), quoting Keeton, Dobbs, Keeton & Owen, *Prosser & Keeton on the Law of Torts*, Section 121, 897 (5th Ed.1984).

{¶ 13} "The three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and *with probable cause*; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." (Emphasis added.) *Yaklevich* at paragraph one of the syllabus.

{¶ 14} "In an abuse of process case, '[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.' " *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 271, 62 N.E.2d 9 (1996), quoting Keeton, Dobbs, Keeton & Owen*, Prosser & Keeton on the Law of Torts*, Section 121, 898 (5th Ed.1984). "Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." *Id.*

{¶ 15} In contrast, the elements of a malicious criminal prosecution claim "are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 559 N.E.2d 732 (1990), syllabus.

{¶ 16} In the present case, Cox could not have prevailed on a malicious prosecution claim, because the criminal proceedings did not terminate in her favor. After being advised of this possibility in the motions to dismiss filed by Oliver and Meyer, Cox then amended her complaint to change her claim to abuse of process rather than malicious prosecution. However, the trial court rejected the abuse of process claim.

{¶ 17} In this regard, the trial court held that under any reasonable reading of the complaint, Cox had alleged that Oliver lacked probable cause to prosecute her. Because that allegation logically precluded the possibility that Oliver had probable cause to prosecute Cox, as is required for an abuse of process claim, the trial court granted the motion to dismiss. Upon consideration, we agree with the trial court.

{¶ 18} The amended complaint contains the following allegations in Count I, which is labeled as the "abuse of process" claim:

On January 29, 2013[,] knowing Cox was a licensed teacher, and alleged to have engaged in conduct for which there was not sufficient and verifiable evidence, an indictment was filed with the Clerk of Courts [sic] Office, charging Cox with violation of Section 2903.13(A) & (C)(1) of the Ohio Revised Code.

During Cox's trial no further evidence pertaining to the occurrence of the alleged crime was presented, and Oliver proceeded without legal

authority, and compliance with R.C. 2151.421(A)(1)(a), 2151.421(F)(1), or 2151.421(H) as required by law[.]   *Yates v. Mansfield Board of Education.*

From June 26 – June 28, 2013, Kimberly Oliver subjected Cox to prosecution alleging Cox had committed a crime that was not supported or substantiated by law, thus acting outside the source of the law, and the scope of her official capacity as an assistant prosecutor.   Oliver engaged in a trial process to use a criminal legal procedure for which there was no legal authority to attack Cox's professional license.

Beverly Meyer in breach of her official capacity as School Board Attorney (then Defendant's employer's attorney) witnessed, aided and supported the malicious abuse of process; allowing what should have been her professional judgment to be regulated; and acted to help guarantee action against Cox, rather than indemnify Cox's truthful and rightful statutory duty as outlined through sections of a multi-hundred page contract.

The actions of Oliver and Meyer were unjustifiable based on evidence they knew to be misleading and deceptive.   Their actions were intentional and consciously performed intending to cause the Plaintiff harm.

Doc. #22, Amended Complaint, Count I, paragraphs 4-8.

{¶ 19} These allegations clearly raise the issue that the prosecution was instituted and maintained by the prosecutor without probable cause.   As such, even accepting the allegations as true, an action for abuse of process would not lie.

{¶ 20} Cox's attorney argues on appeal that we should apply a lenient reading of

the complaint because Cox was a pro se litigant in the trial court. However, we have consistently held that pro se litigants are held to the same standards as other litigants. For example, in *Galluzzo v. Braden*, 2d Dist. Champaign No. 2011 CA 30, 2012-Ohio-3980, we observed that:

> As a preliminary matter, Galluzzo contends that the trial court should have given him wide latitude in the filing of his "pleading and papers," because he was not represented by an attorney. We have repeatedly held, however, that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." *Burgin v. Eaton*, 2d Dist. Montgomery No. 24757, 2011–Ohio–5951, ¶ 19, citing *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002–Ohio–3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." *Id.* * * * Galluzzo has cited numerous federal cases which he contends support his claim that he was entitled to lenient treatment; but while courts may choose to extend some degree of leniency to pro se litigants, "leniency" is not mandated or even defined.
>
> Moreover, the trial court's decision in this case was not based on any procedural or substantive defect in Galluzzo's filings which might have been linked to his decision to represent himself. For example, he did not miss a filing or fail to provide documentation of his claims.

(Footnote omitted.) *Id.* at ¶ 8-9.

**{¶ 21}** There is some authority for extending " 'reasonable leeway' " to pro se

litigants " 'such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities.' " *Millennia Hous. Mgt. v. Johnson*, 8th Dist. Cuyahoga No. 96854, 2012-Ohio-1044, ¶ 10, quoting *Citibank (South Dakota), N.A. v. Paluch,* 9th Dist. No. 25955, 2012-Ohio-334, ¶ 6. (Other citation omitted.) This is not substantially different from our comments in *Galluzzo*, which focus on the fact that the alleged defect was not linked to the pro se litigant's decision to represent himself.

{¶ 22} Other courts have distinguished this doctrine, since it arose in the context of a federal criminal case. For example, in *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 10th Dist. Franklin No. 11AP-473, 2012-Ohio-467, the Tenth District Court of Appeals observed that:

> We agree with the trial court that it is well-established that pro se litigants are held to the same rules, procedures, and standards as litigants represented by counsel. The Supreme Court of Ohio has specifically held so in many cases. *See, e.g., Zukowski v. Brunner*, 125 Ohio St.3d 53, 925 N.E.2d 987, 2010-Ohio-1652; *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 800 N.E.2d 25, 2003-Ohio-6448; *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 763 N.E.2d 1238 (10th Dist.2001). This court has held likewise in countless cases. *See, e.g., Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7; *Dailey v. R & J Commercial Contracting*, 10th Dist. No. 01 AP-1464, 2002-Ohio-4724, ¶ 17. It is true that a court may, in practice, grant a certain amount of latitude toward pro se litigants. *Robb v. Smallwood*, 165 Ohio App.3d 385, 846 N.E.2d 878, 2005–Ohio–5863, ¶ 5 (4th Dist.). However, the court cannot

simply disregard the rules in order to accommodate a party who fails to obtain counsel. *Id.* "The rationale for this policy is that if the court treats pro se litigants differently, 'the court begins to depart from its duty of impartiality and prejudices the handling of the case as it relates to other litigants represented by counsel.' " *Pinnacle Credit Servs., LLC v. Kuzniak*, 7th Dist. No. 08 MA 111, 2009-Ohio-1021, ¶ 31, quoting *Karnofel v. Kmart Corp.*, 11th Dist. No.2007-T-0036, 2007-Ohio-6939, ¶ 27.

Appellant here cites to *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) in support of her position that, as a pro se litigant, she is not held to the same procedural standards as an attorney. However, *Haines* is inapposite. In *Haines*, the Supreme Court concluded that allegations in a pro se complaint, made by a prison inmate, would be held to less stringent standards than formal pleadings drafted by lawyers, and that in construing the complaint in such a strict manner, the trial court's dismissal was inappropriate. *Id.* at 520. To the contrary, in the present case, appellant seems to be arguing that she should be held to less stringent standards throughout the entire proceedings. However, as explained above, appellant is held to the same standards when it comes to procedures and rules. *See Monus v. Day*, 7th Dist. No. 10 MA 35, 2011-Ohio-3170, ¶ 32-35 (acknowledging that, although some latitude might be granted in the construction and formal requirements of pleadings, *Haines* does not stand for the proposition that pro se litigants should be held to a lesser standard throughout the entire proceedings). *See also Maguire*

*v. Natl. City Bank*, 2d Dist. No. 24146, 2011-Ohio-387 (*Haines* does not alter the well-established tenet that pro se litigants are held to the same standard as licensed attorneys); *State v. Briscoe*, 8th Dist. No. 83471, 2004-Ohio-4096 (affirming that pro se litigants are held to the same standard as licensed attorneys and rejecting *Haines* as being a federal case that is not controlling over the court). Furthermore, as this court noted in *Fields*, *Haines* is a criminal case, and the United States Supreme Court, in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980) clarified that it never suggested in *Haines* that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.

*Id.* at ¶ 25-26.

**{¶ 23}** Even if we applied a more lenient standard in construing Cox's pleadings, the fact is that the issue in question is not linked to a technicality or a lack of clarity in the pleadings. Pro se litigant or not, Cox asserted a malicious prosecution claim, and once she learned of the possibility that it would be precluded because the criminal proceedings did not terminate in her favor, she changed the name of the claim to abuse of process. However, her allegations remained essentially the same, which is that the criminal proceeding was initiated and tried without probable cause on the prosecutor's part. As was noted, that claim is inconsistent with abuse of process. It is consistent with a claim of malicious prosecution, which the trial court also considered and rejected, based on the fact that the criminal proceedings did not terminate in Cox's favor. See Doc. #35, Decision, Order and Entry Sustaining the Motion to Dismiss of Defendant, Kimberly Oliver

* * *, p. 7.

{¶ 24} Because the trial court did not err in concluding that Cox failed to state a claim for abuse of process, Cox's sole assignment of error is overruled.

III.   Conclusion

{¶ 25} Cox's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Byron L. Potts
Kia M. Wrice
Lindsay M. Johnson
Laura G. Mariani
Hon. Michael Tucker