[Cite as *Cox v. Oliver*, 2016-Ohio-4575.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| GEORGIA B. COX | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 26891 |
| | : | |
| v. | : | T.C. NO.   14CV3749 |
| | : | |
| KIMBERLY OLIVER, et al. | : | (Civil appeal from |
| | : |  Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 24th day of June, 2016.

. . . . . . . . . . .

GEORGIA B. COX, 4191 Mapleleaf Drive, Dayton, Ohio 45416
        Plaintiff-Appellant

LINDSAY M. JOHNSON, Atty. Reg. No. 0077753, Fifth Third Center, 1 S. Main Street, Suite 1800, Dayton, Ohio 45402
        Attorney for Defendant-Appellee/Cross-Appellant, Beverly Meyer

LAURA G. MARIANI, Atty. Reg. No. 0063284, Assistant Prosecuting Attorney, 301 W. Third Street, Dayton, Ohio 45422
        Attorney for Defendant-Appellee, Kimberly Oliver

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Georgia B. Cox appeals pro se from the trial court's Civ.R. 12(B)(6) dismissal

of her abuse-of-process claim against appellee Beverly Meyer and its subsequent entry of summary judgment in favor of Meyer on a legal-malpractice claim. Meyer has filed a cross appeal in which she defends the trial court's summary-judgment ruling on alternative grounds not relied on by the trial court.

{¶ 2} Cox advances three assignments of error in her appeal. First, she contends the trial court's dismissal of her abuse-of-process claim is unsupported by law and is an abuse of discretion. Second, she claims the trial court's summary judgment ruling is against the manifest weight of the evidence. Third, she argues that the trial court's summary judgment ruling constitutes plain error.

{¶ 3} The present dispute stems from Cox's alleged assault on a student with disabilities at Meadowdale High School in October 2012. At the time of the incident, Cox, a teacher, was working as an "intervention specialist." She allegedly punched the student and was indicted for fourth-degree felony assault. A jury found her guilty, and this court affirmed her conviction in May 2014. *See State v. Cox*, 2014-Ohio-2201, 12 N.E.3d 466 (2d Dist.) ("*Cox I*").

{¶ 4} In June 2014, Cox filed a pro se lawsuit against Meyer, an attorney who had represented the Dayton City School District in connection with the incident, and Kimberly Oliver, the prosecutor in the criminal case. The complaint contained a number of counts. As relevant here, they included a malicious-prosecution claim against Meyer and Oliver and a legal-malpractice claim against Meyer. Cox amended her complaint in mid-August 2014. The primary alteration involved changing the malicious-prosecution claim to one alleging abuse of process. Meyer and Oliver separately filed Civ.R. 12(B)(6) motions to dismiss.

{¶ 5} On November 13, 2014, the trial court sustained Oliver's motion to dismiss in its entirely. In the same ruling, the trial court sustained Meyer's motion to dismiss on all counts except the legal-malpractice claim against her. The trial court found the legal-malpractice allegations marginally sufficient to implicate a "malice" exception to the general rule that attorneys are not liable to third parties. The trial court's ruling included Civ.R. 54(B) certification with regard to its dismissal of all claims against Oliver. This court affirmed the dismissal of those claims in *Cox v. Oliver*, 2d Dist. Montgomery No. 26515, 2015-Ohio-3384 ("*Cox II*").

{¶ 6} With regard to Cox's remaining legal-malpractice claim, Meyer moved for summary judgment. The trial court sustained that motion. Cox then filed a timely notice of appeal. As set forth above, she challenges the trial court's dismissal of her abuse-of-process claim against Meyer and its entry of summary judgment in favor of Meyer on her legal-malpractice claim.

{¶ 7} With regard to Cox's first assignment of error, which challenges the dismissal of her abuse-of-process claim, we see no error in the trial court's ruling. "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint." *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 16 (2d Dist.). The trial court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations are true, and make all reasonable inferences in favor of the plaintiff. *Id*., citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). A Civ.R. 12(B)(6) motion should be granted only where the complaint, so construed, demonstrates

that plaintiff can prove no set of facts warranting relief. *Id.* We apply de novo review to a trial court's decision sustaining a Civ.R. 12(B)(6) motion. *Cox II* at ¶ 10.

**{¶ 8}** " 'The three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and *with probable cause*; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.' " (Emphasis added*) Cox II* at ¶ 13, quoting *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 626 N.E.2d 115 (1994), at paragraph one of the syllabus.

**{¶ 9}** Count I of Cox's amended complaint, which attempted to state an abuse-of-process claim against Meyer and Oliver, contained the following pertinent allegations:

4. On January 29, 2013[,] knowing Cox was a licensed teacher, and alleged to have engaged in conduct for which there was not sufficient and verifiable evidence, an indictment was filed with the Clerk of Courts [sic] Office, charging Cox with violation of Section 2903.13(A) & (C)(1) of the Ohio Revised Code.

5. During Cox's trial no further evidence pertaining to the occurrence of the alleged crime was presented, and Oliver proceeded without legal authority, and compliance with R.C. 2151.421(A)(1)(a), 2151.421(F)(1), or 2151.421(H) as required by law[.] *Yates v. Mansfield Board of Education*.

6. From June 26–June 28, 2013, Kimberly Oliver subjected Cox to prosecution alleging Cox had committed a crime that was not supported or substantiated by law, thus acting outside the source of the law, and the

scope of her official capacity as an assistant prosecutor. Oliver engaged in a trial process to use a criminal legal procedure for which there was no legal authority to attack Cox's professional license.

7. Beverly Meyer in breach of her official capacity as School Board Attorney (then Defendant's employer's attorney) witnessed, aided and supported the malicious abuse of process; allowing what should have been her professional judgment to be regulated; and acted to help guarantee action against Cox, rather than indemnify Cox's truthful and rightful statutory duty as outlined through sections of a multi-hundred page contract.

8. The actions of Oliver and Meyer were unjustifiable based on evidence they knew to be misleading and deceptive. Their actions were intentional and consciously performed intending to cause the Plaintiff harm.

(Amended Complaint, Count I, ¶ 4-8).

**{¶ 10}** In its November 13, 2014 ruling dismissing the abuse-of-process claim against Meyer and Oliver, the trial court held that it failed to state a claim against either defendant. The trial court opined that under "any reasonable reading of Count I," the amended complaint alleged that prosecutor Oliver *lacked probable cause* to prosecute Cox. (Nov. 13, 2014 Decision, Order, and Entry at 6). Because the first element of an abuse-of-process claim is that a legal proceeding has been commenced *with probable cause*, the trial court concluded that Count I failed to state a claim against Oliver. (*Id.* at 6-7). The trial court reached the same conclusion, for the same reason, with respect to Cox's abuse-of-process claim against Meyer.[1] (*Id.* at 16).

---

[1] The trial court also correctly noted that Cox's original malicious-prosecution claim would

{¶ 11} As set forth above, the trial court's ruling contained Civ.R. 54(B) certification with regard to Cox's claims against Oliver. On appeal of that ruling, this court affirmed the dismissal of the abuse-of-process claim against Oliver, reasoning:

In the present case, Cox could not have prevailed on a malicious prosecution claim, because the criminal proceedings did not terminate in her favor. After being advised of this possibility in the motions to dismiss filed by Oliver and Meyer, Cox then amended her complaint to change her claim to abuse of process rather than malicious prosecution. However, the trial court rejected the abuse of process claim.

In this regard, the trial court held that under any reasonable reading of the complaint, Cox had alleged that Oliver lacked probable cause to prosecute her. Because that allegation logically precluded the possibility that Oliver had probable cause to prosecute Cox, as is required for an abuse of process claim, the trial court granted the motion to dismiss. Upon consideration, we agree with the trial court.

*Cox II* at ¶ 16-17.

{¶ 12} Reviewing the same paragraphs of Cox's amended complaint quoted above, this court held: "These allegations clearly raise the issue that the prosecution was instituted and maintained by the prosecutor without probable cause. As such, even accepting the allegations as true, an action for abuse of process would not lie." *Id.* at ¶19.

---

not have survived Civ.R. 12(B)(6) dismissal against Meyer or Oliver either. Although a malicious-prosecution claim does require a lack of probable cause, which Cox's amended complaint alleged, it also requires "termination of the prosecution in favor of the accused." *Rieger v. Podeweltz*, 2d Dist. Montgomery No. 23520, 2010-Ohio-2509, ¶ 13. Here the criminal case against Cox resulted in a conviction. It was not terminated in her favor.

**{¶ 13}** We now reach the same conclusion for the same reason with regard to Cox's abuse-of-process claim against Meyer, which involves the same allegations in the same amended complaint. The paragraphs from the amended complaint quoted above allege that Oliver unlawfully pursued the criminal prosecution against Cox and that Meyer aided and supported that effort. Regardless of any difference in the roles the two defendants may have played, the fact remains, as this court found in *Cox II*, that the amended complaint clearly suggests the prosecution was commenced without probable cause, thereby negating the availability of an abuse-of-process claim against either defendant and supporting the trial court's Civ.R. 12(B)(6) dismissal of that claim against Meyer.

**{¶ 14}** In her appellate brief, Meyer also argues that the abuse-of-process claim was subject to dismissal because Cox's complaint failed to contain sufficient allegations with regard to the second element of an abuse-of-process claim, namely that the criminal proceeding was perverted to attempt to accomplish an ulterior purpose for which it was not designed.[2] The only possible ulterior purpose referenced in Count I was Cox's claim that the legal proceeding had been commenced "to attack [her] professional license," i.e., to get her fired. We see no allegations, however, that the legal proceeding was "perverted" in any way to accomplish this allegedly ulterior purpose. Rather, Cox's termination

---

[2] Meyer raised this argument below in her motion to dismiss, but the trial court does not appear to have relied on it in its Civ.R. 12(B)(6) ruling. Rather, as set forth above, the trial court appears to have dismissed the abuse-of-process claim against Meyer and Oliver on the basis that the amended complaint alleged commencement of the criminal prosecution without probable cause. Because Meyer's appellate brief primarily addresses the second element of an abuse-of-process claim, however, we briefly will address it too.

appears to have been a predicable consequence of her criminal conviction.

{¶ 15} "[I]n order to show the process was perverted to accomplish an ulterior purpose the plaintiff must identify both *an act committed during the process that was not proper in the normal conduct of the proceeding* and the defendant's ulterior motive." (Emphasis added) *Palivoda v. Felix*, 11th Dist. Ashtabula No. 2010-A-0017, 2011-Ohio-5231, ¶ 44 (Wright, J., concurring in judgment). The defendant must *use* the process in a way that perverts the legal proceeding. *Id.* at ¶ 45. "[T]here is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Yaklevich* at 298, fn. 2, citing Prosser & Keeton, Law of Torts (5 Ed.1984) 898. Abuse of process typically involves using a legal proceeding to coerce a defendant with respect to something outside of the legal proceeding itself. *Broadnax v. Greene Credit Service*, 118 Ohio App.3d 881, 890-891, 694 N.E.2d 167 (2d Dist.1997).

{¶ 16} Here we see no allegations in the amended complaint that Meyer misused the criminal-trial process by committing an improper act during that process to coerce Cox into doing anything. Meyer allegedly assisted Oliver in carrying out the criminal case to its authorized conclusion, which was a guilty verdict against Cox for felony assault. Even if we accept, arguendo, that Meyer somehow acted with "bad intentions" or an "ulterior motive" in hoping for Cox to be fired, Cox's termination was simply a consequence of her conviction. In short, we see no allegations in the complaint that Meyer in any way "perverted" the criminal proceeding to achieve Cox's discharge. Thus, the abuse-of-process claim was subject to dismissal for this additional reason as well. The first assignment of error is overruled.

**{¶ 17}** In her second and third assignments of error, Cox challenges the trial court's entry of summary judgment against her on her legal-malpractice claim against Meyer. These assignments of error relate to Count IV of Cox's amended complaint, which alleged "negligence" by Meyer and Oliver.

**{¶ 18}** Because Count IV involved allegations pertaining to Meyer's conduct while exercising her "official duty of care as that of an attorney," the trial court properly treated it as a legal-malpractice claim. *See, e.g.*, *Huber v. Mues*, 2d Dist. Clark No. 2011-CA-75, 2012-Ohio-2540, ¶ 10 (recognizing that "[c]laims arising out of an attorney's representation are legal malpractice claims regardless of how they are pled"). In its Civ.R. 12(B)(6) decision, the trial court held that the legal-malpractice claim against Meyer survived dismissal for failure to state a claim. Although no attorney-client relationship existed between Cox, a teacher, and Meyer, an attorney who had represented the school board in connection with Cox's assault on a student, the trial court recognized that, in limited circumstances, an attorney may be liable to a third party. In particular, the trial court cited *Scholler v. Scholler*, 10 Ohio St.3d 98, 462 N.E.2d 158 (1984), which provides: "An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously." *Id.* at paragraph one of the syllabus. The trial court concluded that Cox could not establish being in privity with the school district. It found, however, that Count IV was "marginally" sufficient to avoid dismissal by implicating "the malice exception to the general rule that attorneys will not be held liable to third parties."

{¶ 19} In its subsequent summary judgment ruling, the trial court found no genuine issue of material fact as to whether Meyer had acted with malice. Cox challenges that determination on appeal. Although portions of her second assignment of error are not entirely clear, Cox insists that Meyer owed her a "duty" under agency law and that her negligence/legal malpractice cause of action against Meyer did not require a finding of malice. Cox asserts that "[a]lthough malice is implied by Meyer's actions, the word never appears in the complaint and ought not to be some standard for determining cause of negligence [sic]." (Appellant's brief at 13). In her third assignment of error, Cox appears to argue that Meyer acted negligently or maliciously by allowing her to be characterized in the criminal assault case as a "caretaker" rather than a "teacher." (*Id.* at 15-18).

{¶ 20} We review a trial court's decision on a motion for summary judgment based on a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland City Schools Bd. of Edn.,* 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187 (1980). "Accordingly, we afford no deference to the trial court's decision and independently review the record and the inferences that can be drawn from it to determine whether summary judgment is appropriate*." Bank of New York Mellon v. Bobo*, 4th Dist. Athens No. 14CA22, 2015-Ohio-4601, ¶ 9.

{¶ 21} Summary judgment is appropriate when the moving party demonstrates

that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, 936 N.E.2d 481, ¶ 29; *Sinnott v. Aqua–Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217, ¶ 29. The Ohio Supreme Court set out the burdens of proof when considering motions for summary judgment in *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). The court stated:

> [W]e hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so

respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Id.* at 293.

{¶ 22} Upon review, we see no error in the trial court's entry of summary judgment against Cox. As set forth above, the trial court correctly construed the cause of action in her amended complaint, which included allegations about Meyer's conduct while acting as an attorney for the school board, as a legal-malpractice claim. Specifically, Count IV alleged in part that "Meyer's dealings were not lawful and manifested a blatant breach of her official duty of care as that of an attorney functioning as an agent for an employer, whose employee was being processed." We also agree with the trial court that no attorney-client relationship existed between Meyer and Cox. Therefore, Cox's claim depended on proof that she was in privity with the school board or that Meyer had acted maliciously toward her. *Scholler* at paragraph one of the syllabus.

{¶ 23} In support of her summary judgment motion, Meyer provided her own affidavit. Therein, she averred that she attended Cox's criminal trial as a representative of the school board, not as counsel for Cox. (Doc. #10 at Exh. A). Meyer observed the trial in preparation for an upcoming arbitration regarding the termination of Cox's employment. (*Id.*). Meyer further averred that her activity during the criminal trial consisted of making two public records available to prosecutor Oliver to clarify confusion regarding the documents governing Cox's employment. Those records consisted of a collective-bargaining agreement and a state teacher licensure code. Meyer averred that the documents were not admitted into evidence in the criminal case and that she was representing the school board, and looking out for its interests, when she made the

documents available. (*Id.*). Meyer additionally averred that she had no ulterior motive separate and apart from her good-faith representation of the school board and that she did not offer the documents with the intent to injure Cox. Meyer also averred that she later represented the school district and the school board in termination proceedings that resulted in Cox's discharge. (*Id.*).

{¶ 24} In her memorandum opposing summary judgment, Cox asserted that she sufficiently had *alleged* malice. (Doc. #12 at 8-9). She also provided her own affidavit in which she addressed the malice issue. Specifically, she averred that Meyer and prosecutor Oliver had "communicated" during her criminal trial. (*Id.* at Exh. A). She also averred that Meyer was seen "coaching" a witness. (*Id.*). Finally, she averred that Meyer had acted with malice by providing Oliver with the two documents mentioned above after the State rested its case. (*Id.*).

{¶ 25} In its ruling, the trial court found no genuine issue of material fact as to whether Meyer had acted with malice toward Cox. It reasoned:

> It is concluded that Georgia Cox's affidavit assertions regarding Beverly Meyer's actions do not create a genuine issue of material fact that Ms. Meyer's actions were malicious. Going first to Ms. Cox's assertions that Ms. Meyer communicated with Kimberly [Oliver] during Ms. Cox's trial and that Ms. Meyer's [sic] "coached" Ms. Birch, neither assertion is sufficient to create a factual issue that Ms. Meyer acted maliciously toward Ms. Cox. There is no allegation that either event was undertaken to benefit Ms. Meyer financially. Further, there is no allegation, nor may it be inferred, that Ms. Meyer, by talking to Ms. [Oliver] and Ms. Birch, engaged in conduct,

ostensibly as part of her good faith representation of DPS, but with her actual motive being to harm Ms. Cox, and, thus, benefit DPS, by dishonest or fraudulent means. Communicating with Ms. [Oliver] falls far short of this standard. Ms. Cox uses the word "coach" to describe Ms. Meyer's interaction with Ms. Birch, but she provides no specifics regarding the asserted coaching. Simply talking to Ms. Birch regarding her testimony, which is an inference to be drawn from Ms. Meyer's affidavit, is not dishonest or fraudulent conduct undertaken to harm Ms. Cox while benefitting DPS. It is, accordingly, concluded that Ms. Meyer is entitled to judgment as a matter of law regarding Ms. Meyer's interaction with Ms. [Oliver] and Ms. Birch during the course of Ms. Cox's criminal trial.

The final issue relates to Ms. Meyer, during Ms. Cox's criminal trial, providing Ms. [Oliver] with the labor contract between DPS and the DEA and the licensure code relating to Ohio educators. There is no allegation that when the documents were provided to Ms. [Oliver] they were false, altered, or otherwise fraudulent. Ms. Meyer's conduct of providing true, accurate documents to Ms. [Oliver] can not, as a matter of law, be considered malicious conduct. The Rule 56 record cannot support an inference that this conduct financially benefitted Ms. Meyer, and, further the Rule 56 record cannot support an inference, and, thus, the creation of an issue of fact, that M[s]. Meyer, by providing the documents, engaged in dishonest or fraudulent conduct to harm Ms. Cox for the benefit of DPS. Ms. Meyer, accordingly, is entitled to judgment as a matter of law regarding Ms.

Meyer's production of the documents to Ms. [Oliver].

(Doc. #17 at 6-7).

{¶ 26} Upon review, we agree with the trial court's analysis of the malice issue. In her pro se appellate argument, Cox fails even to address that analysis by the trial court. Instead, she insists that a showing of malice was not required for her to prevail on a legal-malpractice claim. (Appellant's brief at 12-13). She also raises an issue not addressed by the trial court in its analysis of the malice issue. In particular, she suggests that Meyer acted negligently and/or engaged in legal malpractice by allowing her to be mischaracterized as a "caretaker" rather than a "teacher" during her criminal trial. Cox argues that collateral estoppel does not preclude her from raising this argument. (*Id.* at 15-17).

{¶ 27} We are unpersuaded by Cox's arguments. Because Meyer, a school-board attorney, did not have an attorney-client relationship with Cox and was not in privity with her, the trial court correctly found that Cox was required to show malice on Meyer's part. For the reasons articulated by the trial court, Meyer was entitled to summary judgment on that issue. With respect to Cox's argument about being a "teacher" rather than a "caretaker," that issue was not the basis of the trial court's malice ruling. In any event, we are unpersuaded that a genuine issue of material fact would exist with regard to malice even if, as Cox alleges, Meyer failed to intervene in the criminal case to stop Oliver from characterizing her as a "caretaker."[3] We fail to see how non-intervention by Meyer, an

---

[3] In light of this determination, we need not address the State's argument that collateral estoppel precludes Cox from arguing, in this proceeding, that she was not a "caretaker." We do note, however, that Cox's status as a "caretaker" was actually and necessarily litigated and resolved against her in the criminal case. *See Cox I* at ¶ 29-40.

observer, in Oliver's presentation of the criminal case could constitute malicious conduct toward Cox. Accordingly, the second and third assignments of error are overruled.

{¶ 28} We turn now to Meyer's cross-appeal in which she defends the trial court's summary-judgment ruling on alternative grounds she raised below but not relied on by the trial court. In particular, Meyer argues that she also was entitled to summary judgment on Cox's legal-malpractice claim on the basis of "privilege" and "lack of proximate cause." Having found that the trial court properly entered summary judgment for Meyer for the other reasons discussed above, we need not address these alternative grounds for affirming the trial court's judgment. Accordingly, Meyer's cross assignment of error raising the issues of privilege and lack of proximate cause is overruled as moot.

{¶ 29} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . .

DONOVAN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Georgia B. Cox
Lindsay M. Johnson
Laura G. Mariani
Hon. Michael L. Tucker